FILED

2006 Feb-17 AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

FILED

06 FEB 16 PM 4:39

U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| TOMMY D. BARRON, now known as<br>TAZ DAY BURCH and wife, PATSY BARRON | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CV-06-BE-0331-S |
| | * | |
| WALKER COUNTY, ALABAMA as a person<br>under U.S.C. Section 1983; WALKER COUNTY<br>SHERIFF'S DEPARTMENT, as a person under<br>U.S.C. Section 1983; CIVIL SERVICE BOARD,<br>OF WALKER COUNTY, as a person underU.S.C.<br>ection 1983;  WALKER COUNTY SHERIFF<br>JOHN MARK TIREY, Individually and under<br> his official Capacity; WALKER COUNTY<br>COMMISSION as a person under U.S.C.<br>Section 1983; WALKER COUNTY DEPUTY<br>SHERIFF DERANE INGLE, Individually and<br>Under his official capacity; SHERIFF<br>DEPUTIES JAMES DOE AND JERRY DOE<br>Who were responsible for and had supervision<br>Over the Walker CountyJail and SHERIFF<br>DEPUTIES JOE DOE AND JACK DOE<br>Who were jail personnel who inflicted further<br>Assualtts upon the Plaintiff while in jail custddy<br>whose completenames will be determined through<br>subsequent discovery;SONJA GOLD d/b/a<br>GOLD MEDICAL SERVICE, in her individual<br>and Official Capacity; DR. JOHN DOE, the<br>physican who supervises jail medical personnel<br>Whose name will be determined by subsequent<br>Discovery; | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | JURY DEMAND |
| Defendants. | * | |

## COMPLAINT

1.      Come now the Plaintiffs and bring this action under the United States

Constitution, the Alabama Constitution, and under other federal and state statutes of the

United States and the State of Alabama.  Proper and timely notice of claim was filed and

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

made to Walker County.  (See Attached).

2.	This is a civil rights action for damages suffered by citizens of the United

States against Walker County, Alabama, the Walker County Sheriff's Department,

Walker County Sheriff John Mark Tiree, Walker County Commission, Deputy Sheriff

Derane Ingle, for injuries sustained by the Plaintiffs on or about February 16, 2004 when

Deputy Sheriff Derane Ingle willfully, wantonly and with great brutality and excessive

force sprayed Freeze Plus on the Plaintiffs Tommy Barron, now known as Taz Burch,

and  his wife Patricia Wilkerson Barron, and verbally harassed and abused the Plaintiffs

and physically assaulted Plaintiff Tommy Barron by beating him and breaking his fingers

while transporting him to the Walker County Jail, with reckless disregard for the Plaintiff

and his wife, as a citizens of the state of Alabama and the United States.

3.	This is also an action against the Walker County Sheriff's Department,

Walker County Sheriff John Mark Tiree, Walker County Commission, Deputy Sheriff

Derane Ingle, and the supervising training officer for their deliberate indifference towards

the Plaintiffs and for their failure to properly train and supervise Sheriff Deputy Derane

Ingle with regard to the use of Freeze Plus, use of excessive force and failure to

implement proper policies and procedures, and against the Walker County Jail Deputies,

and its chief medical personnel for their failure to supervise Walker County Jail

personnel and for participation in further assaults on the Plaintiff and against jail medical

personnel for their failure to implement proper policies and procedures for the care and

treatment of Plaintiff's injuries.

4.	This is also an action against Walker County for malicious prosecution of

Plaintiff Tommy Barron now Taz Burch for Disorderly Conduct and Resisting Arrest

following the above incidents, and for willful, wanton and deliberate refusal to issue a

arrest warrant against Derane Ingle for criminal charges in connection with the above

incidents.

## JURISDICTION

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections

1331, and 1343(a)(3), (4) to obtain redress for deprivation of rights guaranteed by the

Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States

pursuant to 42 U.S.C. Section 1983.

6.      Plaintiffs invoke the supplemental jurisdiction of this Court for state law

claims that arise from the same facts and circumstances under 28 U.S.C. Section 1367.

7.      Venue is proper pursuant to 28 U.S.C. Section 1393 (b), in that events or

occurrences giving rise to Plaintiffs' claims occurred in the Northern District of Alabama,

and pursant to Alabama Code Sections 6-3-2 and 6-3-11 (1975).

## PARTIES

8.      Plaintiff Tommy D. Barron now Taz Day Burch , (hereinafter referred to

as "Barron") is a citizen of the United States of America, the State of Alabama and

Walker County, Alabama.  At the time of the incident making the basis of this Complaint,

he was a disabled person, married to Patricia Wilkerson Barron, and then known as

Tommy D. Barron.  All references herein to "Barron" refer to Taz Days Burch, the

Plaintiff's current name.

9.      Plaintiff Patricia Wilkerson Barron (hereinafter referred to as "Mrs.

Barron") was the wife of Plaintiff Barron and at the time of the incident making the basis

of this Complaint, she was a disabled person residing with Barron at 2651 Leonard

Chapel Road, Carbon Hill, Alabama.

10.     Defendant John Mark Tiree, (hereinafter referred to as "Tiree"), was the Sheriff of Walker County, Alabama at the time of the incidents described herein, and the commanding officer of Defendant Deputy Sheriff Derane Ingle, Defendant Sheriff Deputies James Doe, Jerry Doe, Joe Doe and Jack Doe, and was responsible for their supervision, training, and conduct. Sheriff Tiree is sued in his individual and official capacity.

11.     Defendant Deputy Sheriff Derane Ingle (hereinafter referred to as Ingle) was one of the deputies on duty at the time of the incidents complained of herein and was the deputy who responded to Barron's 911 call, sprayed Freeze Plus on Barron in his home, outside of his home, and inside the patrol car, assaulted Barron in his home, on the way to the Walker County jail, and while at the jail, causing Barron permanent bodily injury and mental anguish. Ingle was known by Tiree to have a prior history of arresting Barron, harassing Barron, and using excessive force. Defendant Ingle is sued in his individual and official capacity.

12.     Defendant Sheriff Deputies James Doe and Jerry Doe supervised the Walker County Jail and its personnel while Barron was in inmate and were responsible for the supervision, training and conduct of jail personnel. Sheriff Deputies Joe Doe and Jack Doe were personnel on duty at the Walker County Jail who participated in further injury to Barron while in jail. The above jail personnel are hereinafter referred to as "Jailers"). Their correct names will be determined by subsequent discovery. Defendant Jailers are sued in their individual and official capacity.

13.     Defendant Sonja Gold d/b/a Gold's Medical Service (hereinafter referred

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

to as "Gold") was an LPN on duty at the jail who examined Barron on the morning of February 16, 2005 and neglected to provide proper medical care and treatment of Barron's injuries.  Defendant Dr. John Doe (hereinafter referred to as "Dr. Doe") is the medical physcian on-call at the Walker County jail who is responsible for and supervises Defendant Gold and medical personnel on call at the Walker County Jail..  Defendants Gold and Camp are sued in their individual and official capacity.

14.    Defendants Walker County,  and Civil Service Board of Walker County are political subdivisions of the State of Alabama.

## STATEMENT OF FACTS

15.    On or about the morning of February 16, 2004, Barron called 911 in connection with an argument he was having with his wife.  Ingle was dispatched to Barron's home sometime after 1:00 A.M.  When Ingle arrived, Mrs. Barron came to the door of their mobile home and told Ingle that Barron was asleep now and that everything was alright.  Ingle insisted that he come into the home and talk to Barron. Mrs. Barron told Ingle to leave and  that they didn't need him.   Ingle then began to verbally abuse Mrs. Barron and told her to get Barron up out of bed.  He then came into the Barron's home without her permission and began to shout out the top of his lungs for Barron to get up and come into the living room.  Barron got up out of bed and walked into the living room in his underware and a medical bandage on his right hand.  When Barron came into the living room and saw Ingle, Barron stated, "Oh no, my worst nighmare".  When Barron said that, Mrs. Barron mo·ed in between Ingle and Barron to protect her husband from Ingle.  Ingle then reached around Mrs. Barron and sprayed Freeze Plus into

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

Barron's face immediately blinding him and disabling him. Barron fell to the floor.

Ingle then came around Mrs. Barron and placed handcuffs on Barron on his backside.

Mrs. Barron attempted to call Gene Barron, a retired deputy sheriff and Barron's brother.

Ingle told her to put the phone down. Ingle then dragged Barron out of the trailer and

down the front steps to the patrol car when Barron fell down the steps. Mrs. Barron

shouted at Ingle from the front door to let her get Barron some clothes. Ingle then

dragged Barron back into the house where Mrs. Barron placed clothes on Barron while

still handcuffed.

    16.    Ingle then took Barron outside and sprayed him with Freeze Plus again

while in the front yard. Ingle placed Barron in the back seat of the patrol car and didn't

fasten the seat belt around Barron. Barron still was handcuffed in the back. While in

route to the Walker County jail, Ingle accelerated on the gas and put on the brakes

suddenly, causing Barron to hit his head against the partition between the front and back

seats of the patrol car. Ingle performed this act many times on the way to the jail all the

while laughing at Barron. About halfway to the jail, Ingle stopped the patrol car and

attempted to pull Barron out of the back seat, breaking Barron's fingers in the process,

hitting Barron in the ribs, and spraying Barron again with Freeze Plus.

    17.    When Barron arrived at the jail, he had a busted lip, his fingers were

broken, his face and forehead were bruised and red. He was booked on charges of

disorderly conduct and resisting arrest, and stripped of his clothing and placed in the

drunk tank where a bucket of iced cold water was thrown on him. While in the drunk

tank, he continued to be handcuffed and assaulted by Ingle and deputies Joe Doe and Jack

Doe, who banged his head against the wall, slung him around, and knocked him down to

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

the concrete floor of the drunk tank, all taking place while he was still naked.

18.    When Sonja Gold arrived at the jail, Barron was examined by Sonja Gold and a medical history was taken, but his broken fingers were not treated, not taken for x-rays., nor provided with medication.

19.    Mrs. Barron came to get Barron out of jail on February 16th but was told she had to go down and see the Sheriff first.  She waited at the Sheriff Tiree's office but he never saw her.  Barron was de..ied contact with family members until the next day, February 17, 2004, when he was released from jail on bond.  Mrs. Barron immediately took him to the emergency room for medical treatment of his injuries.  Both Mrs. Barron and Barron have attempted to present the law enforcement conduct as described above before the Walker County magistrate office, but have been consistently turned away.  Walker County has continued its efforts to prosecute Barron for Disorderly Conduct and Resisting Arrest inspite of their attempts to halt  said prosecution.

20.    As a direct and proximate result of the conduct described above, Barron suffered severe and permanent bodily injury, disfigurement, severe emotional distress, physical and psychological injuries, and medical expenses.  Barron's physicians attempted to save his finger, but because of the type injuries to his finger, amputation was required.  In addition, Barron was subjected to prosecution for Disorderly Conduct and Resisting Arrest, and is still being prosecuted for Resisting Arrest in spite of the fact that he was found "Not Guilty" of Disorderly Conduct.

21.    Defendants Walker County, Civil Service Board of Walker County, Walker County Sheriff's Department, Sheriff John Mark Tiree, Sheriff Deputies James Doe and Jerry Doe, tolerated and condoned the practices and misconduct stated above by:

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

A.)    Their failure to properly train, discipline, restrict and control sheriff department personnel;

B.)    Their failure to properly perform background investigations in their hiring practices, promotion, and retention of law enforcement personnel;

C.)    Their failure to adequately investigate and prosecute the criminal violations of law enforcement personnel as described above.

21.    As a result of the conduct of the Defendants Walker County, Civil Service Board of Walker County, Walker County Sheriff's Department, Sheriff John Mark Tiree, Sheriff Deputies James Doe and Jerry Doe, Plaintiffs suffered physical and psychological injuries, disfigurement, attorneys fees, and medical expenses.

## COUNT ONE – INVASION OF PRIVACY

22.    Plaintiffs incorporate by reference paragraphs 1 through 21 of the complaint as if fully set out herein.

23.    Plaintiffs are resident citizens of Walker County, Alabama.

24    Defendant Ingle was a sworn deputy sheriff employed by Walker County and the Walker County Sheriff's Department at all times relevant to this action and his action were within the scope of his employment. On or about February 16, 2004, Defendant Ingle came into the home of Plaintiffs against their will and without their knowledge, after Mrs. Barron told Ingle to leave and went back into her home, Ingle followed her into the house without her knowledge or consent.

26.    Said actions by Defendant constituted an unlawful and unwarranted, invasion of privacy by intrusion into a place where Plaintiffs had a reasonable expectation of privacy. Said actions by Defendant inflicted gross humiliation and

emotional distress upon Plaintiffs.  As a direct and proximate result the Plaintiffs suffered injuries as described above.

WHEREFORE, Plaintiff prays judgment in an undetermined amount as compensatory damages, an undetermined amount as special damages, and an undetermined amount as punitive damages, an undetermined amount for attorneys fees, costs and such other and further relief as the Court may deem proper.

## COUNT TWO – EXCESSIVE FORCE

27.    Plaintiffs incorporate by reference paragraphs 1 through 26 of the complaint as if fully set out herein.

28.    On or about February 16, 2004, Defendant Ingle arrested Plaintiff Barron for the purported crimes of Disorderly Conduct and Resisting Arrest.  Defendant Ingle, exercising his position of authority and acting under color of state law in his capacity as a public official and representative of the Walker County, and the Walker County Sheriff's Department, unlawfully subjected Plaintiffs in their own home to excessive and unnecessary force when he sprayed Freeze Plus on the Plaintiffs in their home, assaulted and verbally abused Plaintiffs in their home, when Plaintiffs posed no threat to Defendant Ingle, and in Defendant Ingle's patrol car when Plaintiff Barron, handcuffed and in the rear seat posed no threat to Defendant Ingle, yet Defendant Ingle sprayed more Freeze Plus on Plaintiff Barron, assaulted him by breaking his fingers and operating his patrol car so as to intentionally, maliciously, and wantonly injure the Plaintiff Barron further while in his custody and control, and while driving on a dark country road in Walker County in the middle of the night where his dastardly acts could not be witnessed by

9

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

anyone, in violation of Plaintiffs constitutionally protected rights under the Fourth Amendment of the Constitution of the United States and 42 U.S.C. 1983. As a direct and proximate result the Plaintiffs suffered injuries as described above.

WHEREFORE, Plaintiff prays judgment in an undetermined amount as compensatory damages, an undetermined amount as special damages, and an undetermined amount as punitive damages, an undetermined amount for attorneys fees, costs and such other and further relief as the Court may deem proper.

## COUNT THREE – ASSUALT AND BATTERY

29.    Plaintiffs incorporate by reference paragraphs 1 through 28 of the complaint as if fully set out herein.

30.    Defendants Ingle, Joe Doe, and Jack Doe, exercising their position of authority and acting under color of state law in their capacity as a public officials and representatives of the Walker County, and the Walker County Sheriff's Department, Assaulted and battered Plaintiffs by their willful, wanton, and intentional inflicting of physical injury and harm, with knowledge and reckless disregard of the risks of hat said conduct risks injuring the Plaintiffs as described. As a direct and proximate result the Plaintiffs suffered injuries as described above.

WHEREFORE, Plaintiffs pray for judgment in an undetermined amount as compensatory damages, an undetermined amount as to special damages, and an undetermined amount as punitive damages, an undetermined amount for attorneys fees, costs and such other and further relief as the Court may deem proper.

## COUNT FOUR – FALSE ARREST AND IMPRISONMENT

31.    Plaintiffs incorporate by reference paragraphs 1 through 30 of the

complaint as if fully set out herein.

31. Defendants Walker County, Walker County Sheriff's Department, Sheriff

John Mark Tiree, and Deputy Ingle violated the constitutionally rights of Plaintiff Barron

by arresting him in his own home on trumped up charges of Disorderly Conduct and

Resisting Arrest. Barron was never informed of the charges for which he was being

arrested nor informed of his constitutional rights. In fact, Ingle's arrest report contains no

narrative as to the facts justifying Barron's arrest. As a direct and proximate result of

these Defendants acts and omissions, the Plaintiff Barron suffered injuries as described

above.

WHEREFORE, Plaintiffs pray for judgment in an undetermined amount

as compensatory damages, an undetermined amount as to special damages, and an

undetermined amount as punitive damages, an undetermined amount for attorneys fees,

costs and such other and further relief as the Court may deem proper

## COUNT FIVE – DENIAL OF MEDICAL ATTENTION

33.    Plaintiffs incorporate by reference paragraphs 1 through 32 of the

complaint as if fully set out herein

34.    After Plaintiff Barron arrived at the jail, he was visibly injured in the

hands, ribs, head, face, and lip. Defendants Gold and Defendant Dr. John Doe failed to

provide adequate medical attention to Barron or follow jail policies and procedures in

providing medical care and treatment for prisoners. As a result Plaintiff Barron suffered

severe physical and psychological and his injuries were made worse. Plaintiff Barron

was also deprived of his medications until approximately 8:00 PM, in contradiction to

the policies and procedures above cited. As a direct and proximate result the Plaintiff

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

suffered injuries as described above.

WHEREFORE, Plaintiffs pray for judgment in an undetermined amount as compensatory damages, an undetermined amount as to special damages, and an undetermined amount as punitive damages, an undetermined amount for attorneys fees, costs and such other and further relief as the Court may deem proper.

## COUNT SIX – MALICIOUS PROSECUTION

35.    Plaintiffs incorporate by reference paragraphs 1 through 34 of the complaint as if fully set out herein.

36.    Defendants Walker County, Walker County Sheriff Department, and Ingle have deprived Barron's right to be free of criminal prosecution by the continued prosecution of the charge of Resisting Arrest when Barren was found not guilty of the Disorderly Conduct charge, and guilty of the Resisting Arrest charge, when Barron has appealed.  As a direct and proximate result the Plaintiff suffered injuries as described above and has suffered injury to his reputation in the community.

WHEREFORE, Plaintiffs pray for judgment in an undetermined amount as compensatory damages, an undetermined amount as to special damages, and an undetermined amount as punitive damages, an undetermined amount for attorneys fees, costs and such other and further relief as the Court may deem proper

## COUNT SEVEN – NEGLIGENCE

37.    Plaintiffs incorporate by reference paragraphs 1 through 36 of the complaint as if fully set out herein.

38.    Defendants Walker County, Walker County Sheriff Department,Sheriff Tiree, Civil Service Board of Walker County, Deputy Ingle, and Deputies Jerry Doe and

James Doe owed a duty to Plaintiffs to maintain their safe and secure environment. Defendanats have failed in that duty and have failed to moniter activities of other law enforcement officers and negligently trained and supervised them. As a direct and proximate result the Plaintiffs suffered injuries as described above and have suffered injury to their reputation in the community.

WHEREFORE, Plaintiffs pray for judgment in an undetermined amount as compensatory damages, an undetermined amount as to special damages, and an undetermined amount as punitive damages, an undetermined amount for attorneys fees, costs and such other and further relief as the Court may deem proper

## COUNT EIGHT – INADEQUATE SUPERVISION

39.    Plaintiffs incorporate by reference paragraphs 1 through 37 of the complaint as if fully set out herein.

39.    Defendants Walker County, Walker County Sheriffs Department, Civil Service Board of Walker County, Sheriff John Mark Tiree, Deputies James Doe and Jerry Doe, and Dr. John Doe were grossly negligent in the hiring, retention, training and supervision of Ingle, Deputies Joe Doe, and Jack Doe, and Defendants Sonja Gold and Dr. John Doe in the areas of use of Freeze Plus, excessive force, arrests, domestic crime investigation, use of handcuffs, and the safe and secure transport of arrestees to the jail, in reckless disregard for and deliberate indifference to Plaintiffs, especially their right not to be intentionally harmed by law enforcement officials, and in the care and treatment of sick or injured prisoners. As a direct and proximate result of these Defendants acts and omissions, the Plaintiffs suffered injuries as described above.

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

WHEREFORE, Plaintiffs pray for judgment in an undetermined amount as compensatory damages, an undetermined amount as to special damages, and an undetermined amount as punitive damages, an undetermined amount for attorneys fees, costs and such other and further relief as the Court may deem proper.

## COUNT NINE – NEGLIGENT HIRING

41.    Plaintiffs incorporate by reference paragraphs 1 through 40 of the complaint as if fully set out herein.

42.    Defendants Walker County, Walker County Sheriff Department, Walker County Sheriff Tiree, and the Civil Service Board of Walker County, negligently hired and retained Deputy Ingle with the knowledge that Ingle was not a proper candidate for employment as a deputy sheriff  employee in violation of the policies and procedures contained in the Walker County Civil Service Board Rules.  As a direct and proximate result the Plaintiffs suffered injuries as described above and have suffered injury to their reputation in the community.

WHEREFORE, Plaintiffs pray for judgment in an undetermined amount as compensatory damages, an undetermined amount as to special damages, and an undetermined amount as punitive damages, an undetermined amount for attorneys fees, costs and such other and further relief as the Court may deem proper

## COUNT TEN – OUTRAGE

43.    Plaintiffs incorporate by reference paragraphs 1 through 42 of the complaint as if fully set out herein.

44.    The conduct of all Defendants shock the conscious of decent law abiding citizens of the community and have caused and continue to cause Plaintiffs great

Barron (now Burch), et al vs. Walker County Commission, et al
COMPLAINT

emotional distress.  As a direct and proximate result the Plaintiffs suffered injuries as

described above and have suffered injury to their reputation in the community.

WHEREFORE, Plaintiffs pray for judgment in an undetermined amount as

compensatory damages, an undetermined amount as to special damages, and an

undetermined amount as punitive damages, an undetermined amount for attorneys fees,

costs and such other and further relief as the Court may deem proper

Anthony Piazza, ASB-6398-A47A
Attorney for the Plaintiff
P. O. Box 550217
Birmingham, AL    35255-0217
(205) 933-1155

Plaintiffs' Address:
P. O. Box 550217
Birmingham, AL   35255-0217

Defendant Walker County Address
P. O. Box 1447
Jasper, AL   35502-1447

Defendant Walker County Sheriff Department Address:
2001 2nd Avenue
Jasper, AL   35501

Defendant Civil Service Board of Walker County
Post Office Box 493
Jasper, Alabama   35502-0493

Defendant Sheriff John Mark Tirey Address:
2001 2nd Avenue
Jasper, AL   35501

Defendant Deputy-Sheriff Derane Ingle Address:
2001 2nd Avenue
Jasper, AL   35501