IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY D. BARRON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:06-cv-0331-KOB |
| ) | |
| WALKER COUNTY, ALABAMA, ) et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT "WALKER COUNTY SHERIFF'S DEPARTMENT'S" MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW the entity designated in the Plaintiffs' Complaint as the "Walker County Sheriff's Department", a Defendant in the above-styled cause, and submits this Memorandum Brief in Support of its Motion to Dismiss, contemporaneously filed herewith.

### ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "Pleadings must be something more than an ingenious academic exercise in the conceivable."

1

Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc). In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n.16; see also South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

The Plaintiffs in this action have sued an entity they have named as the "Walker County Sheriff's Department". The Complaint appears to allege only state law claims against this Defendant. Even taking all of the Plaintiffs' factual allegations as true, their claims against the "Walker County Sheriff's Department" are due to be dismissed because under state law the "Walker County Sheriff's Department" is not a legal entity subject to suit. Furthermore, out of an abundance of caution, to the extent the Complaint can be construed as making federal claims against the "Walker County Sheriff's Department", such claims should also be dismissed because this Defendant cannot be sued under federal law as well.

I. **THE "WALKER COUNTY SHERIFF'S DEPARTMENT" IS NOT A LEGAL ENTITY SUBJECT TO SUIT UNDER ALABAMA LAW.**

The Plaintiffs' state law claims are due to be dismissed because the Defendant "Walker County Sheriff's Department" is not a legal entity. White v. Birchfield, 582 So. 2d 1085 (Ala. 1991). Therefore, it is not subject to suit. See; Ex parte Haralson, 853 So. 2d 928, 931 (Ala. 2003). In Haralson, the Alabama

2

Supreme Court held that a "sheriff's department is not a legal entity . . . [t]herefore, one cannot maintain an action against it."). 853 So. 2d at 931. As a matter of crystal clear state law, the Plaintiffs' state law claims against the "Walker County Sheriff's Department" are due to be dismissed.

**II.     THE "WALKER COUNTY SHERIFF'S DEPARTMENT" IS NOT A LEGAL ENTITY SUBJECT TO SUIT UNDER FEDERAL LAW.**

As noted previously, counsel for this Defendant has not been able to deduce a federal claim in the Complaint that is directed at the "Walker County Sheriff's Department". However, because the Plaintiffs have failed to allege in their various counts whether the claims therein are based on federal or state law, out of an abundance of caution the "Walker County Sheriff's Department" asserts that any federal claims are due to be dismissed. The justification for dismissal is the same – the "Walker County Sheriff's Department" is not a legal entity, and not subject to suit or liability under 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992); see also McClure v. Houston County, 306 F. Supp. 1160 (M.D. Ala. 2003) (holding that the "Houston County Sheriff's Department" is not a legal entity capable of being sued under § 1983).

In Dean, the Jefferson County, Alabama Sheriff's Department was sued in a *pro se* § 1983 action. There, the Eleventh Circuit upheld summary judgment entered in favor of the Sheriff's Department by the trial court on the grounds that the Department was not a legal entity. Dean, 951 F.2d at 1214-15. In reaching this

decision, the Eleventh Circuit noted that the issue of capacity to be sued in federal court is governed by the law of the state in which the district court is located. Dean, 951 F.2d at 1214 citing White v. Birchfield, 582 So. 2d 1085 (Ala. 1991) (internal citations omitted). Consequently, the Eleventh Circuit recognized that, under Alabama law, a sheriff's department lacks the capacity to be sued. Dean, 951 F.2d at 1215. See also Williams v. Goldsmith, 905 F. Supp. 996, 1000 (M.D. Ala. 1995) (Section 1983 and state law claims dismissed against the Coffee County Sheriff's Department because the department lacked the capacity to be sued).

Accordingly, even if the Plaintiffs' Complaint can be deemed to contain federal claims against this Defendant, they are due to be dismissed as a matter of federal law.

## CONCLUSION

Based upon the foregoing, the entity identified as the "Walker County Sheriff's Department" requests that the Court issue an Order dismissing all of the Plaintiffs' claims against it.

Respectfully submitted this the 29th day of March, 2006.

                            **s/ Gary L. Willford, Jr.**
                            DARYL L. MASTERS Bar No. MAS018
                            GARY L. WILLFORD, JR. Bar No. WIL198
                            Attorneys for Defendant
                            WEBB & ELEY, P.C.
                            7475 Halcyon Pointe Drive (36117)
                            Post Office Box 240909
                            Montgomery, Alabama  36116
                            Telephone:  (334) 262-1850
                            Fax:  (334) 262-1889
                            E-mail:  gwillford@webbeley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of March, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants:

        Anthony J Piazza, Esquire
        Attorney at Law
        P. O. Box 550217
        Birmingham, AL 35255-0217

                            **s/Gary L. Willford, Jr.**
                            OF COUNSEL