# EXHIBIT B

1994 Ala. Acts 200

34

**WALKER COUNTY CIVIL SERVICE BOARD**

Updated September 17, 1994

**ALABAMA LAW**

Special session, 1969)
Special session, 1980)
Special session, 1989)
Regular session, 1994)

---

35

Each Probate Judge, Sheriff, and the Clerk and Register of the Circuit Court is required by law to preserve this slip or pamphlet in a book kept in his office until the Act is published in permanent form.

**ALABAMA LAW**

(Special Session, 1969)

---

ACT No. 200                                                    H. 120 - Dobbs, Shumate

AN ACT

To provide for Walker County a civil service system governing the appointment, removal, salaries, tenure and official conduct of employees of the county, defining violations of the Act, imposing penalties for violations; and repealing conflicting laws.

Be It Enacted by the Legislature of Alabama:

Section 1. This Act shall apply only in Walker County.

Section 2. As used in this Act, unless the context clearly requires a different meaning: "county" means Walker County; "employee" mean any person not excepted by Section 3 of this Act who is regularly employed in the service of Walker County; "board" means the civil service board created by this Act; "appointing authority" means in the case of employees in the offices of the elected officers of the county, such elected officers; in this case of all other county employees, the county governing body, or the board or other agency supervising their work.

Section 3. The provisions of this Act shall apply to all officers and employees in the service of the county or any board, agency or instrumentality therefore except: (a) elective officers: (b) members of appointive boards, commissions, and committees; (c) all employees of the county board of education; (d) attorneys, physicians, surgeons, and dentists employed in their professional capacities: (e) the judge of any court: (f) independent contractors receiving their renumeration from public funds under contracts awarded by competitive bidding: (g) any person whose employment is subject to the approval of the United States government or any agency thereof: (h) employees of any other board or commission created by the county governing body.

36

Section 4. All employees of the county shall be governed by civil service rules and regulations prescribed in or promulgated pursuant to this Act, administered by a civil service board, the creation of which is provided for in Section 5 hereof. Present employees shall remain in their respective employments during good behavior; but nothing herein shall be construed to prevent or preclude the removal of an employee for cause in the manner hereinafter provided; and such employees, except for appointment, shall be subject to the provisions of this Act.

Act No. 80-673                                                    H. 1116 - Naramore

Section 5. There is hereby created the Civil Service Board of Walker County, which shall be composed of five members appointed by the Governor, upon nomination in writing by members of the Walker County legislative delegation as follows: Each senator and each representative may submit not more than three nominations for each place to be filled, and the appointment, or appointments, shall be made from among those persons thus nominated; if the same person is nominated by all members of the delegation, the person this nominated shall be appointed; if the legislative delegation is divided, the nominee favored by the majority shall be appointed. If no person receives a majority nomination, each member of the legislation delegation may forthwith submit in writing an additional nominee until some person receives a majority nomination and such person shall be forthwith appointed. Of the first members of the Board one shall be appointed for a term of two years, one for a term of four years, and one for a term of six years. Of the members added by the 1976 amendment, one shall serve a term of two years and one for a term of four years. All successors shall be appointed for terms of six years. No board member shall exercise or perform any of their duties after the date of expiration of their term of appointment. No person shall be appointed to the Board who is not a resident and qualified elector of Walker County and over the age of twenty-one years. No member of the board shall hold any office of profit under a city, county, or the State of Alabama. Members of the board shall take the constitutional oath of office, which shall be filed, in the office of the probate judge. Vacancies on the board shall be filled for the unexpired term by the Governor, in the same manner as original appointments. Nominations to fill a vacancy must be submitted to the Governor within thirty days after the vacancy occurs, and the Governor must make the appointment forthwith. The members of the Board shall elect a chairman and secretary from among their number. Any member of the Board who becomes a candidate for, or is appointed or elected to another public office vacates his office as a member of the Board, and the chairman or president of the governing body of Walker County shall forthwith notify the Governor, who shall fill the vacancy as provided in this section. Any member who is absent from six or more meetings during any one-year thereby vacates his position on the Board. The chairman of the Board, upon receipt of a certified letter from the

37

Board clerk as to the excessive absences of such member, shall immediately notify the Governor of such vacancy; and the Governor shall fill the vacancy as provided in this section.

Act No. 94-571                                                    H. 886 - Rep. Cagle

Section 6. Members of the Board shall be entitled to receive three hundred (300) dollars as per diem per month, and the board shall meet not less than once per month and no more than four times per month. In addition to the monthly per diem as fixed herein, the chair of the board shall be entitled to receive an additional per diem in an amount not to exceed one hundred dollars (100) monthly for other duties of the chair. The chair shall be present at all examinations given by the clerk of the board. The board shall have the power to appoint clerical assistants and engage legal counsel of its own choice, who shall be paid by the county. No clerical assistant shall have any other employment other than with the board."

Act No. 80-673                                                    H. 116 - Naramore

Section 7. The Board shall fix the times for its regular meetings; and it may hold special, adjourned or call meetings at any time. A majority of the Board shall constitute a quorum for the transaction of business. All meetings of the Board shall be held in the county courthouse.

Act No. 200                                                       H. 120 - Dobbs, Shumate

Section 8. The Board shall keep minutes of its meetings and a record of all business transacted by it. Its records, except those the rules of the Board require to be held confidential for reasons of public policy, shall be open for inspection by any resident of the county at all reasonable times.

Section 9. The Board shall have the power to make rules and regulations governing examinations, eligible registers, appointments, transfers, salaries, promotions, demotions, annual and sick leave, and such other matters as may be necessary to accomplish the purpose of this Act. A rule or regulation may be made effective only after a public hearing is held on the proposal thereof and after a certified copy thereof has been filed with the county governing body. All employees shall be appointed upon a non-partisan merit basis. There shall not be appointed, and the Board shall not examine any person who is not a citizen of the United States. The Board shall: (1) classify the different types of service to be performed in the service of the county; (2) prescribe qualifications, including those of education, training, and experience, for the appointees and incumbents of each class. (3) with the approval of the appointing authority, fix a maximum

38

and minimum salary for each class; and (4) allocate each position in the service to its proper class. It shall provide for the periodic rating of employees according to their merit to determine whether they are maintaining standards of service. The Board shall establish rules and regulations governing dismissals, suspensions, layoffs, terminations, and leaves of absence, and the severance of an employees relationship with the county shall be in accordance with such regulations.

Section 10. The salary to be paid each subordinate employee shall be determined by his appointing authority; and the salary to be paid each department head employee shall be determined by the county governing body; but in every case the salary paid shall be within the pay plan and pay rules and regulations established by the board and shall be no more than the Board approves. It shall be unlawful for any official or employee to draw or issue any warrant on the county treasury for the payment of salary to any employee covered by the provisions of this Act unless the warrant is in an amount authorized by the Board to be paid such employees. A sum paid as salary contrary to the provisions of this section may be recovered in an action brought by any resident of the county against the official or employee who draws or issues the warrant, or against the sureties on his bond.

Section 11. The Board shall make and keep a register of all persons eligible and available for appointment to each class of position in the service of the county, ranked according to ability; it is provided, however, that no examination shall be given and no register kept for positions to be filled by persons designated by the board as common laborers. Lay-offs available for reemployment shall be placed at the head of the proper present and subsequent eligible registers in the inverse order of the terminations. Employees who voluntarily terminate their services may be granted re-employment status upon proper eligible registers under such circumstances and in such manner as may be provided for in the Board's rules and regulations, subject, however, to stipulations of this section concerning layoffs. Persons desiring appointment may file applications with the board, and the Board shall, from time to time, conduct examinations to test the ability of such applicants. All qualified applicants shall be examined, and examination shall be public, competitive, and subject to limitations specified by the Board as to age, residence, health, height, weight, habits, moral character, and other factors pertinent to ability to discharge the duties of the position, open to all citizens of the United States. Examinations shall be practical in character and shall relate to those matters which test the ability of the person examined to discharge intelligently the duties of the position for which he applies. In no case shall an appointment be made from an eligible register which is more than two years old, and no eligible register shall be the result of more than one examination.

39

Section 12. Whenever a vacancy exists in any position in the service of the county, it shall be filled by appointment of one of the three persons who rank highest on the appropriate eligible register of the Board or by transfer within the service of the county from another position of the same class. However, the ranking lay-off of the same class shall be appointed in every instance. Whenever it is impossible for the Board to certify eligible persons to a vacancy, the Board may authorize the appointing authority to fill the vacancy temporarily pending the establishment of an eligible register. No such authorization may be given for longer than one hundred and twenty days, and no such employee shall have status under this act. All appointments, other than temporary appointments, shall be probationary for six months from the date of appointment. A probationary subordinate employee may be discharged by his appointing authority for unsatisfactory service at any time before the expiration of that period if the action is approved by the Board; a probationary department head employee may be discharged or demoted similarly by his appointing authority upon approval by the Board. After the expiration of the probationary period, and appointment shall become permanent.

Section 13. An appointing authority shall have authority to suspend an employee for any personal misconduct, or fact, affecting or concerning his fitness or ability to perform his duties in the public interest. In the event an employee is suspended for more than thirty days, he shall be entitled to a public hearing by the Board upon written demand filed within five days from the date of the order of suspension. If, after hearing, the Board determines that the action of the appointing authority was not with cause, the suspension shall be revoked.

Act No. 89-712                                      H. 1021 - Rep. Hogan

Section 14. (a) The governing body of the county, any member of the governing body, or the head of any department or office can remove, discharge or demote any employee, officer or official of the county who is subject to the provisions of this act and who is directly under such governing body, member thereof, or department head, provided that within five days a report in writing of such action is made to the board, giving the reason for such removal, discharge or demotion. The employee shall have ten days from the time of notification of his discharge, removal or demotion in which to appeal to the board. The board shall thereupon order the charges or complaint to be filed forthwith in writing and shall hold a hearing de nova on such charges. No permanent employee, officer, or official of the county whose employment comes within the jurisdiction of this act, and whose probationary period has been served, shall be removed, discharged, or demoted except for some personal misconduct, or fact, rendering his further tenure harmful to the public interest, or for some cause affecting or concerning his fitness or ability; and if such removal, discharge or demotion is

40

appealed to the board, then the same will become final only after a hearing upon written charges of complaint has been had and after an opportunity has been given him to face his accusers and be heard in his own defense. Pending a hearing on said appeal, the board acting on evidence presented to them, may suspend the affected employee; and after such hearing the board may order said employee reinstated, demoted, removed, discharged or take such other disciplinary action as in their judgement is warranted by the evidence and under the law. Charges may be filed by any resident citizen of the county as follows: The charges must be in writing, must set forth succinctly the matters complained of, and must be sworn to before any member of the board or before any person authorized to administer oaths. Upon the receipt of such charges, the board, after due consideration, shall determine whether in its opinion it considers that the good of the service will be served by trial thereon; and, if not, such charges may be dismissed by the board. If in the judgement of the board such charges are of a minor nature, such charges may be referred by the board to the proper department head who shall make an investigation of the charges and make his recommendation to the board within such times as the board may prescribe as to what disciplinary action, if any, should be taken. After such recommendation is made by the department head and after due notice is given to the affected employee of the receipts of such recommendation and the contents thereof, the board may, in its descretion, adopt and order executed the action recommended by the department head or any part thereof. However, if the complaint or the affected employee, or both of them, objects to the recommendation of the department head, the board shall hold a public hearing de nova on the charges, and take such disciplinary action as in their judgement is warranted by the evidence and under the law. All hearings before the board shall be opened to the public. All testimony given in all hearings before the board shall be electronically recorded and in the event of an appeal, a transcript of the hearing shall be prepared by the secretary of the Walker County Civil Service Board. In all cases, the decision of the board shall be reduced to writing and entered in the record of the case. In all proceedings before the board, the deputy district attorney or other like officer of the county may appear and prosecute all charges instied by the county governing body or any member thereof or by any department head, when requested or directed to do so by such county governing body. It shall not be the duty of the deputy district attorney or other like officer to prosecute any charges brought by a private citizen. In all proceedings before the board, the deputy district attorney or other like officer may appear and represent the interest of the county, and he shall also give such legal advice and legal assistance to the board as may be requested by it.

"The Board and its specially authorized representatives shall have the power to administer oaths, take depositions, certify official acts, and issue subpoenas to compel the attendance of witnesses and production of papers necessary as

41

evidence in connection with any hearing, investigation, or proceeding within the purview of this act. The sheriff of Walker County, in person or by deputy, shall serve all processes of the board, and shall attend upon and preserve order at all public hearings conducted by the board. In case a person refuses to obey such subpoena, the board or its representative may invoke the aid of any circuit court in order that the testimony or evidence be produced. Upon proper showing, such court shall issue a subpoena or order requiring the person to appear before the board or its representative and produce all evidence and give all testimony relating to theater in issue. A person who fails to obey such subpoena order may be punished by the court as for contempt. The fees of witnesses for the attendance and travel shall be the same as fees for witnesses in the circuit court of this State, which fees shall be paid from the treasury of the county.

(b) Any person aggrieved by a decision of the board may appear such decision to the circuit court of Walker County in equity within thirty days from the rendition of such decision by the board. Review by the court shall be without a jury and be confined to the record and to a determination of the questions of law presented; the board's findings of fact shall be final and conclusive."

Act No. 200

H. 120 - Dobbs, Shunnate

Section 15. No employee shall make, solicit or receive any assessment donation, subscription or contribution for any political purpose whatsoever, or be a member of a committee or an officer of a political party, or take any part in management or affairs except to exercise his rights as a citizens to express his opinion and cast his vote; no employee shall assist any candidate for nomination or election to public office, or make any public statement in support of or against any such candidate, or participate in any manner whatever in the campaign of any candidate in any general or primary election, and no employee shall receive any appointment or advancement as a reward for his support of a candidate for office or a political party; nor shall he be dismissed, suspended or reduced in rank or pay as punishment for his failure to support any candidate for political office.

Section 16. The expenses of the Board arising under the provisions hereof shall be paid from funds of the county. The county governing body shall provide the Board and office in the county courthouse, which shall be suitably equipped and furnished for the needs of the Board, and telephone service, postage, office supplies, and stationary; also, secretarial and clerical help as deemed necessary by the Board.

Section 17. Any person in the service of the county by appointment under civil service rules or regulations who willfully violates any provisions of this Act, or,

42

any rule or regulation issued in pursuance thereof, shall be dismissed from service under the system and shall not be reappointed for two years.

Section 18. Any person who violates any of the provisions of this Act shall be guilty of a misdemeanor.

Section 19. The provision of this Act are severable. If any part if the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

Section 20. All laws or parts of laws which conflict with this Act are repealed.

Section 21. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law, except that it shall not apply to the office of Tax Collector until thirty days after the said Tax Collector takes office.

Approved May 14, 1969.
Time: 5:00 P.M.

I hereby certify that the foregoing copy of an Act of the Legislature of Alabama has been compared with the enrolled Act and it is a true and correct copy thereof.

Given under my hand this 21st day of May, 1969.
John W. Pemberton
Clerk of the House

Updated with all new changes in Legislation
September 17, 1994