IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY D. BARRON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:06-cv-0331-KOB |
| ) | |
| WALKER COUNTY, ALABAMA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT
WALKER COUNTY, ALABAMA'S MOTION TO DISMISS**

COMES NOW Walker County, Alabama, a Defendant in the above-entitled case (hereinafter "Walker County"), and submits this Memorandum Brief in support of its Motion to Dismiss.

**INTRODUCTION**

The Plaintiffs bring this action against Walker County alleging six causes of action under Alabama law: (1) false arrest and imprisonment; (2) malicious prosecution; (3) negligence; (4) inadequate supervision; (5) negligent hiring; and (6) outrage. The Plaintiffs' claims all derive from the arrest of Plaintiff Tommy Barron on February 16, 2004, by Walker County Deputy Sheriff Derane Ingle for disorderly conduct and resisting arrest. (Doc. 1 at ¶¶ 15, 19.) As alleged, the Plaintiff was subsequently convicted of the resisting arrest charge but acquitted of

1

disorderly conduct. Id. at ¶ 20. However, because Walker County has no authority over, or responsibility for, the Walker County Sheriff's deputies or the district attorney's office, Walker County is entitled to have the Plaintiffs' claims dismissed as a matter of law.

## ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc). In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n.16; see also South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss"). Even taking all of the Plaintiffs' allegations as true, their claims against Walker County are due to be dismissed based on the legal grounds set out below.

# I. THE PLAINTIFFS HAVE FAILED TO COMPLY WITH THE RELEVANT STATUTES OF NON-CLAIM.

A plaintiff must submit a notice of any claim against a county to its commission within twelve months of the alleged injury. ALA. CODE § 11-12-8. This notice is required for all claims against counties, including tort, contract and equitable claims. Williams v. McMillan, 352 So. 2d 1347, 1349 (Ala. 1977); see also Hyche Landfill, Inc. v. Winston County, 878 So. 2d 258, 262 (Ala. 2003) (Houston, J. concurring). Filing a proper notice is a prerequisite to maintaining a lawsuit against a county. ALA. CODE § 6-5-20(a); Williams, 352 So. 2d at 1349; Groeschner v. Mobile County, 512 So. 2d 70, 72 (Ala. 1987); Chumney v. Houston County, 632 So. 2d 1328, 1329 (Ala. 1994).

Section 11-12-8 is not just a limitations period, but a statute of non-claim. Groeschner, 512 So. 2d at 72. The purpose of statutes of non-claim is to provide a much broader defense than a statute of limitations. Ivory v. Fitzpatrick, 445 So. 2d 262, 264 (Ala. 1984). Such statutes extinguish not only tort remedies but debts and other liabilities. Id. In the case of counties, § 11-12-8 serves "to prevent and guard against excessive and embarrassing demands on the revenue of a particular year, growing out of occurrences in the too distant past." Groeschner, 512 So. 2d at 72. As a statute of non-claim, failure to comply with § 11-12-8 is "an absolute bar to claims against a County." Alabama Disposal Solutions-Landfill, L.L.C. v. Town of

Lowndesboro, 837 So. 2d 292, 300 (Ala.Civ.App. 2003) (citing City of Birmingham v. Davis, 613 So. 2d 1222 (Ala. 1992)).

The Plaintiffs have made only state law claims against Walker County. (See generally Doc. 1.) The letter attached to the Plaintiffs' Complaint fails to satisfy the statutes of non-claim for three reasons: (1) it does not put forth a claim for Mrs. Barron; (2) it was not presented to the Walker County Commission; and (3) it does not contain all the elements required to satisfy the statutes of non-claim.[1] Therefore, Walker County is entitled to be dismissed as a defendant in this case.

First, the letter attached to the Plaintiffs' Complaint is signed only by Mr. Barron – Mrs. Barron did not sign the letter or make any claims. As more than one year has passed since the incident involving Deputy Ingle, any claim made now by Patsy Barron is barred. Alabama Disposal Solutions-Landfill, L.L.C., 837 So. 2d at 300.

Second, the letter is not addressed to the Walker County Commission as required by Alabama law. "[A]n action may not be commenced against a county until the claim giving rise to that action has, among other things, ***been presented to the county commission***." Ford v. Jefferson County, 774 So. 2d 600, 606 (Ala.Civ.App. 2000) (emphasis added). The letter attached to the Plaintiffs' Complaint is specifically addressed to the "Walker County Civil Service Board".

---

[1] The Plaintiffs have not labeled the letter attached to their Complaint. For purposes of identification in this brief, Walker County will refer to the letter as "Exhibit 1" to the Plaintiffs' Complaint.

4

Filing a grievance with the board does not suffice to meet the requirements of the statutes of nonclaim. Id. (stating "we reject the officers' contention that they properly presented their claim to the Jefferson County Commission by filing a grievance with the Jefferson County Personnel Board.")

Furthermore, the Civil Service Board (hereinafter "Board") is a separate and distinct legal entity from Walker County and its commission. The Board was created by a local act of the Alabama legislature. (Exhibit A, 1994 Ala. Acts 200.) The Board's membership is appointed by the Governor of the State of Alabama. Id. at § 5. The Walker County Commission has no control over the Board or input into its membership. Id. Consequently, as in Ford, a notice sent to the Board is ineffectual as it has not been "presented to the county commission." 774 So. 2d at 606.

Third, even if the Plaintiffs' notice had been properly presented, it would still be invalid as it is missing required information. Under Alabama law, any claim against a county must be itemized.

> No claim against the county shall be passed upon or allowed by the county commission unless it is itemized by the claimant or some person in his behalf having personal knowledge of the facts . . .

ALA. CODE § 11-12-5. In Elmore County Comm'n v. Ragona, the Alabama Supreme Court held:

> Likewise, the itemization provision should not be narrowly construed as applying solely to a breakdown of damages in precise dollar amounts. Rather, the "items" should include a factual background, a description of the event or transaction giving rise to the claim, ***the alleged basis for the county's liability for damages resulting from the event or***

5

> *transaction*, the nature of the damages, ***and the compensation demanded***.

540 So. 2d 720, 723 (Ala. 1989) (emphasis added).

The Plaintiffs' letter fails to meet the requirements of § 11-12-5. The notice asked only for Deputy Ingle's dismissal. It did not state any claim for monetary damages whatsoever against the County. In fact, the Plaintiffs' letter makes no claim against Walker County at all:

> I am making this complaint against the Walker County Sheriff [sic] Department. And [sic] against Deputy Sheriff Derane Ingle Personally.

(Doc. 1, Exhibit 1, p. 2.) The Plaintiffs utterly failed to list "the compensation demanded" or make any claim at all against Walker County as required under Alabama law.

Also critical is the Plaintiffs' failure to provide several of the theories of recovery that they have now included in their Complaint. Specifically, they did not assert any medical care, malicious prosecution, negligent hiring, inadequate supervision, or outrage claims. (See generally Doc. 1 at Exhibit 1.) The Alabama Court of Civil Appeals has found notices missing the crucial element of identifying a legal theory of recovery to be deficient under § 11-12-5. Ford, 774 So. 2d at 606 2000 (quoting Ragona and holding that the plaintiff's notice was deficient because it did not provide the alleged basis for the county's liability); Jacks v. Madison County, 741 So. 2d 429, 433-34 (Ala.Civ.App. 1999) (quoting Ragona and holding that the plaintiff's notice was deficient even though it asserted a breach of contract claim

because it failed to mention the trespass and nuisance claims asserted by the plaintiff in the complaint).

It is therefore abundantly clear that the Plaintiffs have utterly failed to comply with the relevant statutes of non-claim. As more than twelve months have elapsed since the incident, it is impossible for the Plaintiffs to ever comply with the statutes. ALA. CODE § 11-12-8. Accordingly, all of the Plaintiffs' claims against Walker County are due to be dismissed. Disposal Solutions-Landfill, L.L.C., 837 So. 2d at 300.

## II. WALKER COUNTY CANNOT BE HELD VICARIOUSLY LIABLE FOR THE ACTIONS OF ANY OF THE NAMED AND FICTITIOUS PARTIES IN THE PLAINTIFFS' COMPLAINT.

The Plaintiff appears to hold Walker County vicariously liable for the alleged illegal acts of Sheriff Tirey, Deputy Ingle, and an unnamed district attorney. (Doc. 1, Counts 4, 6-10.) Alabama law clearly gives counties only the powers delegated by the legislature. Turquitt v. Jefferson County, 137 F.3d 1285, 1289 (11th Cir. 1998) (en banc). Law enforcement authority is ***not*** a power delegated to the counties. McMillian v. Monroe County, 520 U.S. 781, 790 (1997) (holding that Alabama sheriffs have the law enforcement authority in their counties). Consequently, as more fully explained below, the Plaintiffs' Complaint fails to state a valid claim against Walker County

### A. None of the Individuals In the Complaint Are Walker County Employees For Purposes of *Respondeat Superior*.

The Plaintiffs' claims are based on the actions/omissions of an unnamed district attorney as well as Sheriff Tirey, his deputies, and his jail staff. (See generally Doc. 1.) However, as a matter of law, none of these persons are agents, servants, or employees of Walker County. As a matter of black letter agency law, one cannot be held liable for the actions of a person who is not an agent, servant, or employee. Merrell v. Joe Bullard Oldsmobile, Inc., 529 So. 2d 943, 945 (Ala. 1988) (requiring that an agent commit a tort within the course and scope of the agent's employment before imposing liability on the agent's principal). Consequently, Walker County cannot be held liable under any conceivable set of facts that the Plaintiffs can prove.

### 1. The Sheriff of Walker County and His Employees are State Officials.

Under Alabama law sheriffs are *state* officials. See Art. V, § 112, Ala. Const. of 1901 ("[t]he executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county"). As a constitutional branch officer, the sheriff acts for the state, not the county, when performing his duties. McMillian, 520 U.S. at 793.

In McMillian, the plaintiff alleged, *inter alia*, that the sheriff of Monroe County and one of his investigators were responsible for his wrongful conviction

of murder. 520 U.S. at 783-84. The plaintiff subsequently filed a § 1983 lawsuit that included Monroe County as a defendant on the theory that the sheriff was a final policymaker for the county. Id. The Court held that an Alabama sheriff is a state official for law enforcement purposes. Id. at 793.

In doing so, the Court examined Alabama's Constitution, statutes, and case law. The Court began by examining Art. V, § 112, Ala. Const. of 1901, and the legislative history of that provision. The Court found that sheriffs were removed from the county to make them more accountable. Id. at 788-89. Turning to an examination of the statutory law, the Supreme Court found that an Alabama sheriff was expressly given law enforcement authority in the county. Id. at 790 (citing ALA. CODE § 36-22-3(4)). In performing this duty, the sheriff reported to, and was subject to the orders of, state officials. Id. at 791 (citing ALA. CODE § 36-22-5). Counties, on the other hand, had no law enforcement authority under Alabama law. Id. at 790 (citing ALA. CODE § 11-3-11).

The Court also examined the Alabama Supreme Court's treatment of the issue of the sheriff's status. The United States Supreme Court noted that the Alabama Supreme Court had concluded that the sheriff was a state official. Id. at 792 n.7 (citing Parker v. Amerson, 519 So. 2d 442 (Ala. 1987)). The McMillian Court also took note of the fact that the Eleventh Circuit, construing the same statutory scheme, had also found that Alabama sheriffs are state, not county, officers. See e.g., McMillian v. Johnson, 88 F.3d 1573, 1578 (11th Cir. 1996).

Alabama's Constitution, its statutes, and every level of state and federal courts have held that Alabama counties are not responsible for, and no authority over, sheriffs. Deputy sheriffs are legally extensions of their sheriff and are likewise considered officers of the State of Alabama. See Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991); Carr v. City of Florence, 916 F.2d 1521, 1525-26 (11th Cir. 1990) (holding that, under Alabama law, a deputy is legally an extension of the sheriff). Jail staff are also employees of the sheriff over whom the county has no control. Turquitt, 137 F.3d at 1289.

Accordingly, the allegations of the Plaintiffs' Complaint related to the actions of deputies and jail employees fail to allege any wrongdoing on the part of a Walker County employee or someone over whom Walker County has authority or control.

### 2. The Fourteenth Judicial Circuit District Attorney, Charles Baker, is a State Official.

The Plaintiffs seek to hold Walker County liable for malicious prosecution. They assert that Tommy Baron has been subjected to continued prosecution after being found guilty of resisting arrest. (Doc. 1 at ¶¶ 17, 20, 36.) Tommy Barron's appeal is currently pending in the Circuit Court of Walker County. (Exhibit B, SJIS print of CC-05-304.)[2]

---

[2] The Court may take judicial notice of these facts, even on a motion to dismiss. They reflect state judicial proceedings that are a matter of public record. The case is also featured prominently in the Plaintiffs' Complaint. (Doc. 1 at ¶¶ 17, 20, 36.) Consequently, this Court can

The district attorney prosecuting the appeal is Charles Baker.[3] Id. Like sheriffs, district attorneys are state officials under Alabama law. ALA. CODE § 12-17-1(a); McMillian, 520 U.S. at 790 (citing Hooks v. Hitt, 539 So.2d 157, 159 (Ala. 1988)). Consequently, Mr. Baker is not an agent, servant, or employee of Walker County and it cannot be held vicariously liable for his actions in prosecuting the resisting arrest charge.

> B. **Even if the Individuals in the Complaint Could be Deemed to be Employees of Walker County, Their Entitlement to Immunity Prevents Walker County From Being Liable to the Plaintiffs.**

As a matter of law, DA Baker, Sheriff Tirey, and Sheriff Tirey's employees are immune to the Plaintiffs' state law claims. "[I]f a putative servant is not liable, either because he is innocent or because he is immune, no liability exists to be visited upon the putative master under the rule of *respondeat superior*." Hollis v. City of Brighton, 885 So. 2d 135, 142 (Ala. 2004) (citations omitted). Each of the individuals listed in the Plaintiffs' Complaint are entitled to absolute immunity from the Plaintiffs' state law claims.

---

take judicial notice of the facts represented in these documents without converting this 12(b)(6) motion to a motion for summary judgment. See Bryant v. Avado Brands Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999) (taking judicial notice of public records on file with the Securities and Exchange Commission).

[3] Walker County requests that the Court take judicial notice of the facts that Walker County comprises the Fourteenth Judicial Circuit and that Charles Baker is, and at all relevant times was, the duly elected District Attorney of the Fourteenth Judicial Circuit.

11

## 1. Sheriff Tirey and His Employees Are Absolutely Immune to All State Law Claims Seeking Money Damages.

Sheriff Tirey and his employees are absolutely immune to all of the Plaintiffs' state law claims. The legal basis for absolute immunity is straightforward and well settled. The Alabama Constitution of 1901 prohibits suits against the State. Alabama Constitution of 1901, Art. I, § 14. As noted previously, sheriffs are executive officers of the State of Alabama. See Art. V, § 112; Oliver v. Townsend, 534 So. 2d 1038, 1044 (Ala. 1988); Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991). Deputy sheriffs are legally an extension of the sheriff and are likewise considered officers of the State of Alabama. See Hereford, 586 So. 2d at 210. Jailers, who are the sheriff's employees, are likewise entitled to immunity. Lancaster v. Monroe County, 116 F.3d 1419, 1430 (11th Cir. 1997); Vinson v. Clarke County, 10 F. Supp. 2d 1282, 1305 (S.D. Ala. 1998). Therefore, suits against Alabama sheriffs, their deputies, and their jail staff are therefore prohibited because they are suits against the State. See Parker v. Amerson, 519 So. 2d 442, 446 (Ala. 1987); Hereford, 586 So. 2d at 210; Ex parte Harralson, 853 So. 2d 928, 932 (Ala. 2003). This is true even where the sheriff is sued "individually, and as Sheriff." Parker, 519 So. 2d at 445.

There are, however, limited exceptions to this immunity. An Alabama sheriff is immune from suit:

> except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from

> enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

Parker, 519 So. 2d at 443. Accordingly, even in situations where sheriffs, deputy sheriffs, and jailers are sued for bad faith (as in the instant case), the only exceptions to sovereign immunity allowed by the Alabama Supreme Court under Art. 1, § 14 of the Alabama Constitution of 1901 are to *enjoin* the conduct of the state official. Alexander v. Hatfield, 652 So. 2d 1142, 1143 (Ala. 1994). The instant Plaintiffs have sought only monetary relief; therefore, Sheriff Tirey and his employees have absolute immunity to the Plaintiffs' state law claims. In light of this immunity, and assuming, *arguendo*, that Sheriff Tirey and his employees are Walker County employees, Walker County is entitled to a dismissal of the Plaintiffs' claims based upon the actions of these individuals (Counts Four and Seven through Ten). Hollis, 885 So. 2d at 142.

### 2. District Attorney Baker is Immune to the Plaintiffs' Claims.

The Plaintiffs' malicious prosecution claim is based on DA Baker's defense of Tommy Barron's appeal of his resisting arrest conviction. (Doc. 1 at ¶ 36.) However, "prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). Accordingly, as DA Baker is immune to the Plaintiffs' claims, Walker County is entitled to a dismissal of Count Six of the Complaint. Hollis, 885 So. 2d at 142.

**C. Even if the Complaint Alleged a Valid Claim Against a Walker County Employee, the Earlier Administrative Adjudication Bars Tommy Barron's Claims.**

As noted previously, Tommy Baron filed a complaint with the Walker County Service Board. The Complaint did not include any claims against Walker County. The findings of the Board have both a *res judicata* and collateral estoppel effect on Tommy Barron's instant claims. University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986). For purposes of judicial economy, Walker County adopts and incorporates the arguments contained in section II of Sheriff Tirey and Deputy Ingle's Memorandum Brief in Support of Their Motion to Dismiss. *Res judicata* bars claims that were made or **could** have been made in the preceding case. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1271 (11th Cir. 2002). Tommy Barron could also have made claims against any Walker County employee involved in his arrest, incarceration, and prosecution. His failure to do so bars his claims in this case. Elliott 478 U.S. at 799.

**III. THE PLAINTIFFS' DIRECT LIABILITY CLAIMS AGAINST WALKER COUNTY FAIL TO STATE A CLAIM AS A MATTER OF LAW.**

The Plaintiffs' direct claims against Walker County – negligent hiring, negligence, and inadequate supervision – fail for the same reasons their vicarious liability claims fail. Walker County simply cannot be held liable for negligently hiring, supervising, training, etc., individuals over whom it cannot hire, train, or supervise as a matter of law. See e.g., Terry v. Cook, 866 F.2d 373, 379 (11th Cir.

1989) (noting that county commissions have no authority to hire or fire deputies, dispatchers and jailers); King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993) (holding county commission has no control over jail operations). Accordingly, Counts Seven, Eight, and Nine are due to be dismissed against Walker County.

**IV. THE PLAINTIFFS' COMPLAINT FAILS TO STATE A COGNIZABLE OUTRAGE CLAIM UNDER ALABAMA LAW.**

The facts alleged in the Plaintiffs' Complaint are insufficient as a matter of law to state a claim of outrage. Under Alabama law, a plaintiff claiming outrage must allege and prove three elements: (1) intentional or reckless conduct on the part of the defendant; (2) extreme and outrageous conduct; and (3) emotional distress that is so severe that no "reasonable person could be expected to endure it." Ex parte Crawford & Co., 693 So. 2d 458, 460 (Ala. 1997). The Plaintiffs' burden under this standard is so high that the Alabama Supreme Court has only recognized three categories of misconduct sufficient to justify the tort of outrage: (1) mishandling of corpses; (2) "barbaric" practices employed by insurance agents to obtain settlement; and (3) "egregious sexual harassment." Id. at 460 n.1 (citations omitted).

On its face, the Plaintiffs' Complaint fails to conform both to the definition of the tort and to the categories specifically allowed by the Alabama Supreme Court. Accordingly, Walker County is entitled to have the Plaintiffs' outrage claim (Count Ten) dismissed.

## V. PUNITIVE DAMAGES MAY NOT BE AWARDED AGAINST WALKER COUNTY.

In their Complaint the Plaintiffs seek compensatory and punitive damages. However, Alabama law prohibits the recovery of punitive damages against counties and municipalities. See ALA. CODE § 6-11-26 (stating that punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof . . .); and Harrelson v. Elmore County, 859 F. Supp. 1465, 1469 (M.D. Ala. 1994) (applying statute to strike punitive damages claims made under state law). As a result, the Plaintiffs' claims for punitive damages are due to be dismissed.[4]

## VI. THE PLAINTIFFS' CLAIMS FOR COMPENSATORY DAMAGES EXCEED THAT AUTHORIZED BY STATE LAW.

The Plaintiffs have not specified their damages. However, Alabama law "caps" the amount of compensatory damages that may be awarded against a county or a city. See ALA. CODE §§ 11-93-1(1) and 11-93-2. Specifically, the Plaintiffs may not recover more than $100,000.00.

> The recovery of damages under any judgment against a governmental entity ***shall be limited to $100,000.00 for bodily injury or death for one person*** in any single occurrence. ***Recovery of damages under any judgment or judgments against a governmental entity shall be limited to $300,000.00 in the***

---

[4] The same result would occur were the Plaintiffs to make federal claims seeking punitive damages. It is well settled that local governments are immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Wheeler v. City of Pleasant Grove, Alabama, 883 F.2d 267, 271 (11th Cir. 1987); see also Housing Investors, Inc. v. City of Clanton, Ala., 68 F. Supp. 2d 1287, 1296 (M.D. Ala. 1999) ("The city will therefore remain as a defendant, but, notably, the city is immune from claims for punitive damages.").

*aggregate where more than two persons have claims* or judgments on account of bodily injury or death arising out of any single occurrence.

ALA. CODE § 11-93-2 (emphasis added). Accordingly, to the extent the Plaintiffs seek to recover more than $100,000.00 from Walker County, their claims are barred.

**CONCLUSION**

Based upon the foregoing, Defendant Walker County Commission requests that this Court grant its Motion to Dismiss and to award it costs and attorneys fees in defending this action.

Respectfully submitted this the 10th day of April, 2006.

> **s/ Gary L. Willford, Jr.**
> DARYL L. MASTERS Bar No. MAS018
> GARY L. WILLFORD, JR. Bar No. WIL198
> Attorneys for Defendant
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36116
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  gwillford@webbeley.com

## CERTIFICATE OF SERVICE

       I hereby certify that on this the 10th day of April, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants:

       Anthony J Piazza, Esquire
       Attorney at Law
       P. O. Box 550217
       Birmingham, AL 35255-0217


       **s/Gary L. Willford, Jr.**
       OF COUNSEL