## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TOMMY D. BARRON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:06-cv-0331-KOB** |
| | ) | |
| **WALKER COUNTY, ALABAMA,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT
### WALKER COUNTY CIVIL SERVICE BOARD'S MOTION TO DISMISS

COMES NOW the Walker County Civil Service Board (hereinafter "the Board"), and submits this Memorandum Brief in support of its Motion to Dismiss.

### INTRODUCTION

The Plaintiffs bring this action against the Board alleging three causes of action under Alabama law: (1) inadequate supervision of Deputy Ingle, Nurse Sonja Gold, and several fictitious deputies; (2) negligent hiring of Deputy Ingle; and (3) outrage. The Plaintiffs' claims all derive from the arrest of Plaintiff Tommy Barron on February 16, 2004, by Walker County Deputy Sheriff Derane Ingle for disorderly conduct and resisting arrest. (Doc. 1 at ¶¶ 15, 19.) As alleged, Plaintiff Tommy Barron was subsequently convicted of the resisting arrest charge

1

but acquitted of disorderly conduct.  Id. at ¶ 20.

The Plaintiffs aver that the Board was negligent in hiring and supervising Deputy Ingle.  They further allege that the Board's actions amount to extreme and outrageous conduct.  However, as a matter of law, the Board neither hired nor supervised Deputy Ingle and cannot be held liable under the Plaintiffs' theories.

## ARGUMENT

A motion to dismiss will be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc).  In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6).  Marsh, 268 F.3d at 1036 n.16; see also South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").  Even taking all of the Plaintiffs' allegations as true, their claims against the Board are due to be dismissed based on the legal grounds set out below.

# I. AS A MATTER OF LAW, THE BOARD COULD NOT HIRE OR SUPERVISE DEPUTY INGLE.

The Board was created by Act No. 200 Special Session, Alabama Legislature, 1969 and amended by Act No. 321, Alabama Legislature 1976, by Act No. 321, Alabama Legislature, 1976 and by Act No. 80-673, Alabama Legislature 1980 (A copy of the Act is attached as Exhibit A to the Memorandum Brief supporting Sheriff Tirey and Deputy Ingle's Motion to Dismiss). The Board is an administrative board and is purely a creature of the legislature and has only those powers conferred upon it by its creator. Ex Parte City of Florence, 417 So. 2d 191 (Ala. 1982). As set forth below, the Board has an extremely limited role in the hiring process, and no role at all in supervising persons who are hired by their appointing authorities.

## A. The Board Has No Authority as a Matter of Law to Hire Walker County Employees.

The Board has no duty or authority to hire personnel for Walker County (hereinafter "the County") or the Walker County Sheriff. The authority to hire is placed in each of the appointing authority – in the instant case, Sheriff Tirey. The Board's role is strictly administrative. It advertises for each classified position in the County. The advertisement sets out the required qualifications and a brief job description that is provided by the appointing authority. The Civil Service Board then accepts applications from potential employees, provides testing for each classified position and then establishes an eligible register for each position. 1994

3

Ala. Acts 200, § 11.  When a position becomes vacant, the appointing authority (in this instance, the Sheriff) notifies the Board and the Board then grants the position for possible in-service promotion and if none, sends the three top names from the eligible register to the Sheriff (appointing authority) from which he makes the final decision.  Id. at § 12.

Count Nine again alleges negligence in the hiring and retention of deputy Ingle.  As is clear from Act NO. 200, the Board has no authority or duty to hire and/or retain Deputy Ingle.  The final hiring decision for hiring deputies always rests with Sheriff Tirey as a matter of law.

**B.    The Board Has No Authority to Supervise the Sheriff's Employees.**

The Civil Service Board has no involvement in the discipline, removal, discharge or suspension of a classified employee.  This is particularly true in the case of the Sheriff's employees.  The lack of the Board's authority is a matter of law stemming from both Act No. 200 and state and federal law regarding the status of sheriffs and their deputies.

**1.    Act No. 200 limits the Board's authority to a quasi-judicial role.**

Act No. 200 places the authority for disciplining an employee with the appointing authority.  1994 Ala. Acts 200, § 11.  While an employee has the right to *appeal* any adverse action to the Board, the Board takes on a quasi-judicial role during the course of the appeal.  Id. at ¶ 14.  Citizens may also complain of an

employee's misconduct to the Board, which, again, sits in a quasi-judicial capacity in deciding the merits of the complaint. Id.

The Board has the authority to order and hold a hearing on adverse employment action appeals and citizen charges. 1994 Ala. Acts 200, § 14(a). The Board has the power to administer oaths, take depositions, certify official acts, issue subpoenas, compel the attendance of witnesses and the production of documents. Ala. Acts 200 § 14(a). The hearings are open to the public and recorded.[1] Persons involved are entitled to notice. Id. The Board is required to reduce its final decisions to writing. Id.

In the event a party is dissatisfied with a decision of the Board, a right of appeal exists to the Circuit Court of Walker County. Ala. Acts 200 § 14(b). The appeal must be made within thirty days of the decision. Id. Any review, however, is limited to the record produced by the Board. The Board's findings of fact are "final and conclusive" and may not be disturbed by the Circuit Court. Id. As set forth in Sheriff Tirey and Deputy Ingle's brief, and adopted herein, the Board's decisions have *res judicata* and collateral estoppel effect in the state courts. (Doc. 14 at pp. 10-13.)

As the foregoing recitation of the law makes clear, the Board's sole authority is to act as a level of appeal for adverse personnel decisions and a hearing forum for

---

[1] In this particular case, a court report was present who took down a verbatim transcript. The transcript has been ordered but was not available at the time the instant brief was due. Defendants hope the transcript will be available in time to submit it with their reply brief.

citizen complaints. It does not train employees, make ordinary retention decisions, evaluate employees, or undertake any other action commonly associated with supervision. The Board can only decide whether an appointing authority took proper action or a citizen's complaint is justified. In either role however, the Board is entitled to judicial immunity. See, e.g., Butz v. Economou, 438 U.S. 478, 513 (1978); Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001).

> **2.  Alabama and federal law place the responsibility and authority for hiring, training, supervising and retaining deputies and jail employees with the Sheriff.**

Under Alabama law sheriffs are state executive branch constitutional officers. See Art. V, § 112, Ala. Const. of 1901 ("[t]he executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county"). As a constitutional branch officer, the sheriff acts for the state when performing his duties. McMillian, 520 U.S. at 793. Alabama's Constitution, its statutes, and every level of state and federal courts have held that Alabama counties are not responsible for, and no authority over, sheriffs. Deputy sheriffs are the sheriff's "alter egos" and are likewise considered officers of the State of Alabama. See Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991); Carr v. City of Florence, 916 F.2d 1521, 1525-26 (11th Cir. 1990) (holding that, under Alabama law, a deputy is legally an extension of the sheriff).

Jail staff, such as Nurse Gold, are also employees of the sheriff over whom the county has no control.

> Under the Alabama Code, the sheriff has control over the inmates of the jail, the employees of the jail, and the jail itself. The Code bestows upon the sheriff "the legal custody and charge of the jail in his county and all prisoners committed thereto." ALA.CODE § 14-6-1 (1995). The Alabama Supreme Court has held that § 14-6-1 demonstrates that "the sheriff's authority over the jail is totally independent of the [county commission]." King v. Colbert County, 620 So.2d 623, 625 (Ala.1993). ***The sheriff appoints, directs, and controls the deputies and jailers who work at the jail***. ALA.CODE § 14-6-105. ***The County has no authority to manage the sheriff's employees***. See Lockridge v. Etowah County Comm'n, 460 So.2d 1361, 1363 (Ala.Civ.App.1984); see also Terry v. Cook, 866 F.2d 373, 379 (11th Cir.1989) (***finding that Alabama county commissioners have no authority to hire or fire deputies or jailers***). ***In both the King and Lockridge decisions, the Alabama courts assumed as a matter of statutory construction that an express legislative delegation of authority to one official, the sheriff, necessarily meant that another entity, the county, possessed no authority in that area***.

Turquitt v. Jefferson County, 137 F.3d 1285, 1289 (11th Cir. 1998) (en banc) (emphasis added). The express delegation of control over deputies and jail staff to the Sheriff of Walker County necessarily precludes the Board from exercising authority over the same persons as a matter of law. It is therefore impossible for the Plaintiffs to prove any set of facts that could establish the Board negligently hired, trained, supervised or retained Deputy Ingle, Nurse Gold, or any of the other individuals named and unnamed in the Complaint.

## II. THE PLAINTIFFS' COMPLAINT FAILS TO STATE A COGNIZABLE OUTRAGE CLAIM UNDER ALABAMA LAW.

In addition to the fact that the Complaint fails to identify, as a matter of law,

any set of facts for which the Board could have committed the tort of outrage, the Complaint fails to state any form of cognizable outrage claim at all. The facts alleged in the Plaintiffs' Complaint are insufficient as a matter of law to state a claim of outrage. Under Alabama law, a plaintiff claiming outrage must allege and prove three elements: (1) intentional or reckless conduct on the part of the defendant; (2) extreme and outrageous conduct; and (3) emotional distress that is so severe that no "reasonable person could be expected to endure it." Ex parte Crawford & Co., 693 So. 2d 458, 460 (Ala. 1997). The Plaintiffs' burden under this standard is so high that the Alabama Supreme Court has only recognized three categories of misconduct sufficient to justify the tort of outrage: (1) mishandling of corpses; (2) "barbaric" practices employed by insurance agents to obtain settlement; and (3) "egregious sexual harassment." Id. at 460 n.1 (citations omitted).

On its face, the Plaintiffs' Complaint fails to conform both to the definition of the tort and to the categories specifically allowed by the Alabama Supreme Court. Accordingly, the Board is entitled to have the Plaintiffs' outrage claim (Count Ten) dismissed.

## CONCLUSION

Based upon the foregoing, Defendant Walker County Civil Service Board requests that this Court grant its Motion to Dismiss and to award it costs and attorneys fees in defending this action.

Respectfully submitted this the 11th day of April, 2006.

[Charlie's    Federal    Electronic    Signature
Block]

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 11th day of April, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants:

Anthony J Piazza, Esquire
Attorney at Law
P. O. Box 550217
Birmingham, AL 35255-0217

Daryl L. Masters, Esquire
Gary L. Willford, Jr., Esquire
Webb & Eley, P.C.
P.O. Box 240909
Montgomery, Alabama 36124

**s/Charlie Stephens**
OF COUNSEL