FILED
2006 Apr-18  AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TOMMY D. BARRON, et. al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.  06-BE-0331-S |
| | ) |
| **WALKER COUNTY, ALABAMA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Currently pending before the court is the motion to dismiss filed by defendant Walker County Sheriff's Department (doc. # 7).  The plaintiffs' allegations stem from injuries sustained by Tommy Barron and his wife Patricia Wilkerson Barron during what they describe as verbal harassment and physical harassment by members of the Walker County Sheriff's Department.  In its motion, the sheriff's department asks the court to dismiss the state law false arrest (count IV), malicious prosecution (count VI), negligence (count VII), inadequate supervision (count VIII), negligent hiring (count IX), and outrage (count X) claims alleged against it.

Also pending before the court is the plaintiffs' first motion for leave to file an amended complaint and request for stay on ruling of all pending motions to dismiss (doc. # 19).  On March 31, 2006, the court entered an order requiring the plaintiffs to show cause why the motion to dismiss should not be granted.  Shortly after the issuance of the show cause order, defendants Walker County, Alabama, Sheriff John Tirey, and the Walker County Civil Service Board also

filed motions to dismiss (docs. #13, #15, & #18).

Having reviewed the parties' submissions within the requisite standard of review, the court concludes that the motion to dismiss filed by defendant Walker County Sheriff's Department (doc. # 7) is due to be GRANTED.  The court RESERVES ruling on the motions to dismiss filed by the remaining defendants until after the expiration of the deadlines contained in the court's forthcoming briefing schedule.  Lastly, the plaintiffs' motion for leave to file an amended complaint and to stay ruling on all pending motions to dismiss (doc. # 19) is due to be DENIED.

## II. DISCUSSION

Instead of responding to the show cause order issued in response to defendant Walker County Sheriff's office motion to dismiss, the plaintiffs filed a motion for leave to amend the complaint and asked that the court stay ruling on all the pending motions to dismiss.  In their motion, plaintiffs seek the court's permission to amend the complaint "to allege additional facts against the Walker County Sheriff Department."[1]  Similarly, the plaintiffs ask the court to reserve ruling on the pending motions to dismiss to allow for the receipt of transcripts from an earlier administrative hearing.[2]

As a preliminary matter, the court rejects the plaintiffs' attempt to convert the motion to dismiss into a motion for judgment on the pleadings pursuant to Fed. R. Civ. P 12(c).  Under Rule 12(c), a motion for judgment on the pleadings is only proper after the pleadings are closed.  The pleadings are not closed in this case, as no defendant has yet filed an answer.  Consequently,

---

[1] *See* doc. # 19, ¶ 5.

[2] *Id.*, ¶ 6.

the proper standard for review of this case is Fed. R. Civ. P 12(b)(6).

When a federal court reviews the sufficiency of a complaint before the reception of any evidence, its task is necessarily a limited one. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The issue is not whether the plaintiffs will ultimately prevail but whether they are entitled to offer evidence supporting their claims. Courts follow the well-established rule that a complaint should not be dismissed under FED. R. CIV. P. 12(b)(6) unless it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *See also, Toilet Goods Ass'n. v. Gardner*, 387 U.S. 167, 172 (1967).

Under Alabama law, the rule is well-settled that a sheriff's department is not a legal entity subject to suit. *Ex parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003) (citing *King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993)). The plaintiffs cannot and have not proffered any authority to the contrary. Therefore, the court finds it unnecessary to delay ruling on the motion to dismiss the Walker County Sheriff's Department as a defendant in this case because under no conceivable set of facts would the plaintiffs be permitted to maintain a cause of action against the sheriff's department. Whether the Walker County Sheriff's Department can be sued is a legal issue, not a factual one. Consequently, the motion to dismiss filed by defendant Walker County Sheriff's Department (doc. # 7) is due to be GRANTED and that portion of the plaintiffs' motion asking the court to stay ruling on the motion to dismiss filed by the Walker County Sheriff's Department (doc. # 19) is due to be DENIED.

The court next addresses the plaintiffs' motion for leave to amend the pleadings, as it is inextricably linked to the disposition of the motion to dismiss. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend pleadings once "as a matter of course at any time

before a responsive pleading is served . . .." However, a court can deny a motion to amend when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay, bad faith, or dilatory motive on the part of the moving party; or (3) the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996). The decision to grant leave to amend a complaint is within the sole discretion of the court. Fed.R.Civ.P. 15 Rule 15(a).

The plaintiffs' motion to amend and to stay ruling on the pending motion to dismiss filed by defendant Walker County Sheriff's Department is DENIED because any amendment to the complaint would be futile; no set of facts would entitle the plaintiffs to relief because sheriff's departments are not legal entities subject to suit under Alabama law. *See Haralson*, 853 So. 2d at 931.

Similarly, that portion of the plaintiffs' motion requesting that the court stay ruling on the pending motions to dismiss filed by defendants Walker County Civil Service Board (doc. # 18), Walker County Sheriff John Tirey (doc. #13), Deputy Sheriff Derane Ingle (doc. # 13), and Walker County, Alabama (doc. # 15) is due to be DENIED. Instead, the court will, by separate order, enter a briefing schedule on the motions to dismiss that should give the plaintiffs an appropriate time frame to formulate their responses to the motions to dismiss. The court will also enter a separate order dismissing defendant Walker County Sheriff's Department.

DONE and ORDERED this 18th day of April, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE