
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TOMMY D. BARRON, now known as  \*
TAZ DAY BURCH and wife, PATSY BARRON  \*
                                                                                                            \*
       Plaintiff,  \*
                                                                                                             \*
VS.  \*         CASE NO. 2:06-cv-331
                                                                                           \*
WALKER COUNTY, ALABAMA et al  \*
                                                                                       \*
       Defendants.  \*

## PLAINTIFFSø RESPONSE IN OPPOSITION TO DEFENDANT SHERIFF JOHN MARK TIREY'S MOTION TO DISMISS; DEPUTY SHERIFF DERANE INGLE'S MOTION TO DISMISS; DEFENDANT CIVIL SERVICE BOARD OF WALKER COUNTY'S MOTION TO DISMISS; AND DEFENDANT WALKER COUNTY COMMISSION'S MOTION TO DISMISS

     COMES NOW the Plaintiffs, Tommy Barron and Patsy Barron, and respond on opposition to the Defendant Sheriff John Mark Tirey's Motion to Dismiss, Defendant Deputy Sheriff Derane Ingle's Motion to Dismiss, Defendant Civil Service Board of Walker County's Motion to Dismiss, and Defendant Walker County Commission's Motion to Dismiss, as follows:

I. ARGUMENT

     The Defendants' Motions to Dismiss assert that the claims against them should be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure. "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Marsh v. Butler County, Alabama, 268 F.3d 1014, 1022 (11th Cir. 2001). In

1

deciding on a motion to dismiss, a court must construe the allegations of the complaint as true. Gomez v. Toledo, 446 U.S. 635, 636 (1980)

      A.      FEDERAL AND STATE LAW CLAIMS

In Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d, the Supreme Court set up a two step analysis to determine if an officer is eligible for qualified immunity. The first step is to determine whether the facts "taken in the light most favorable to the party asserting the injury show the officers conduct violated a constitutional right" Id. In the present case, the facts are clear the Barrons were in their own home when Deputy Ingle arrived on the scene. Further, testimony from the Civil Service Board hearing revealed that both Mr. and Mrs. Barron were on the phone with the 911 dispatcher, and that Mrs. Barron tried to tell the dispatcher that, "we didn't need no help". See Exhibit C, Transcript of Civil Service Board hearing, Pages 42 and 43. According to the dispatcher Deputy Ingle was already on his way. When Deputy Ingle arrived on the scene, he was greeted by Mrs. Barron, and told, "We don't need any help. I'm sorry you came out here, but he's already gone to sleep, and we don't need any help. I'm sorry you made the trip. There is no fussing and no fighting going on at this house, and we don't need any help." Mrs. Barron then turned around and walked back into the house, and Deputy Ingle, "came in behind (her) and started screaming for (Mr. Barron) to get out of bed. If the officer's conduct violated a constitutional right, the second prong of the analysis is to determine, "whether the right was clearly established." Id. The Barron's claim a violation of their Fourth Amendment rights against unreasonable searches and seizures. This is a clearly established right under the Constitution. "The "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the

officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." Crosby v. Monroe County, 394 F.3d 1328, 1333 (11th Cir. 2004). The facts must be taken in the light most favorable to the Barrons. Deputy Ingle entered the Barron's home without a warrant. He could have easily asked that Mrs. Barron to go get Tommy Barron up out of the bed and bring him to the door for questioning. He could have given Mrs. Barron a warning that she would be arrested for interference with police operations if she didn't get Barron to the door. There was no exigency. However, Ingle failed to take either action, but instead entered into the Barron's home without the consent of Mr. or Mrs. Barron and without probable cause. Once in the Barron home and in the presence of Tommy Barron, he could have began questioning him, without first resorting to use of Freeze Plus, as Mr. Barron had a bandage on one arm and has partial use of the other arm. Clearly Ingle's actions were not "objectively reasonable". Especially when weighed with the history of interaction between Ingle and Barron, plus the fact that Ingle could have been easily recalled by the dispatcher. Ingle is not entitled to qualified immunity in this case nor is Sheriff Tirey.

Defendants contend Plaintiffs have not made out an outrage claim. However, in 1999, the Alabama Court of Civil Appeals held that a police officer was subject to the tort of outrage by virtue of the trust placed in him by the public to an extent far greater and far more easily than it does in almost any other individuals in any other profession. In that position of trust, (the officer) has access to information not readily available to most other people. Woodley v. City of Jemison, 770 So. 2d 1093. (Ala. Civ. Ap. 1999). In

present case, Ingle had a long history of arresting Barron when Ingle was a police officer with the City of Carbon Hill and knew Barron on an intimate basis.

According to Walker County Civil Service Rules, Section 12 Ingle would have been a probationary employee on February 16, 2004, the day the alleged incident took place. Given the gravity of Barron's grievance, Ingle should have been immediately discharged by the County Commission, but was allowed to continue as a Deputy Sheriff with full pay. In addition, the Commission failed to suspend Ingle with pay as required by Rule 12, Section 2 of the Rules upon allegations of committing an offense and pending the determination of hearing. See Exhibit B attached hereto and made a part hereof.

Defendants contend Barron's complaint failed to satisfy the relevant non-claims statutes of Alabama. However, Barron's complaint complies with Act 89-712, adopted by Walker County Commission, which states in part, "Charges may be filed by any resident citizen of the county as follows: The charges must be in writing, must set forth succinctly the matters complained of, and must be sworn to before any member of the (civil service) board or before any person authorized to administer oaths." See Exhibit B of Walker County Commission Motion to Dismiss.

II. EXHIBIT A	Grievance complaint made by Taz D. Burch (Tommy Barron) against Deputy Derane Ingle, dated April 6, 2004

III. EXHIBIT B	Walker County Civil Service Board Rules, adopted and certified January 6, 1999

IV. EXHIBIT C	Transcripts of Patsy Barron Testimony from Civil Service Board Grievance Hearing on December 6, 2004

V. EXHIBIT D        Transcript of Deputy-Sheriff Derane Ingle testimony from Civil Service Board Grievance Hearing on July 12, 2004

VI. EXHIBIT E       Derane Ingle Personnel Records from Walker County subpoenaed for the Civil Service Board Grievance Hearing against Deputy Sheriff Derane Ingle

VII. EXHIBIT F      Derane Ingle Personnel Record from City of Carbon Hill subpoenaed for the Civil Service Board Grievance Hearing against Deputy Sheriff Derane Ingle

VIII. CONCLUSION

The Defendants are not entitled to be dismissed nor are they entitled to the immunities claimed.. Plaintiffs should be allowed to continue to pursue their federal and state law claims against all named Defendants.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request this Court deny Defendants Motions to Dismiss.

Respectfully submitted,

/s/ Anthony Piazza
Anthony J. Piazza, Pro Se
1030 16th Street South
Birmingham, AL 35205-3510
(205) 323-2720

CERTIFICATION OF SERVICE

This is to certify that I have this day, the 1st day of June, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants:

Gary L. Willford, Jr., Esquire
Daryl L. Masters, Esquire
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
P. O. Box 240909
Montgomery, AL 36116

Charles Stephens, Esquire
P. O. Box 1493
Jasper, AL 35502-1493

                                                /s/ Anthony Piazza
                                                Anthony Piazza