IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY D. BARRON, et. al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 06-BE-0331-S |
| | ) |
| WALKER COUNTY, ALABAMA, *et al.*, | ) |
| | ) |
|     Defendants. | |

MEMORANDUM OPINION

I. INTRODUCTION

Currently pending before the court are motions to dismiss filed by defendants Walker County, Alabama, The Walker County Commission (hereinafter "Walker County") (doc. # 15), and The Walker County Civil Service Board (doc. # 18).

For the reasons stated below and those articulated at the July 7, 2006 hearing, the court concludes that the motion to dismiss filed by defendant Walker County, Alabama (doc. # 15) is due to be GRANTED. The court also finds that the motion to dismiss filed by defendant Walker County Civil Service Board (doc. # 18) is due to be GRANTED.

Plaintiffs Tommy[1] and Patsy Barron's allegations in this case stem from Tommy Barron's February 16, 2004 arrest for disorderly conduct and resisting arrest. According to the plaintiffs, they endured verbal harassment and physical abuse by Walker County Deputy Sheriff Derane Ingle in connection with the above-referenced arrest.

On February 17, 2006, Tommy Barron filed suit in this court alleging that defendants

---

[1]Tommy Barron is now known as "Taz Day Burch." However, for purposes of this Memorandum Opinion, he is referred to as Tommy Barron.

1

Walker County and the Walker County Civil Service Board tolerated and condoned the practices and misconduct experienced by the Barrons by failing to (1) properly train and discipline sheriff department personnel; (2) properly perform background investigations in their hiring and promotion practices of law enforcement personnel; (3) adequately investigate and prosecute the criminal violations of Walker County law enforcement personnel.

Defendant Walker County Civil Service Board asks the court to dismiss the plaintiffs' claims for inadequate supervision (count VIII), negligent hiring (count IX), and outrage (count X). Similarly, defendant Walker County Alabama asks the court to dismiss the plaintiffs' claims for false arrest and imprisonment (count IV), malicious prosecution (count VI), negligence (count VII), inadequate supervision (count VIII), negligent hiring (count nine), and outrage (count X).

## II. DISCUSSION[2]

When a federal court reviews the sufficiency of a complaint before the reception of any evidence, its task is necessarily a limited one. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The issue is not whether the plaintiffs will ultimately prevail but whether they are entitled to offer evidence supporting their claims. Courts follow the well-established rule that a complaint should not be dismissed under FED. R. CIV. P. 12(b)(6) unless it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *See also, Toilet Goods Ass'n. v. Gardner*, 387 U.S. 167, 172 (1967).

**A. Claims against Walker County**

Under Alabama law, a plaintiff must present a notice of claim against a county to its

---

[2] From the body of the complaint and the submissions, the court does not find any federal claim asserted against Walker County or the Walker County Civil Service Commission.

commission within twelve months of the alleged injury.  *See* ALA. CODE §6-5-20; §11-12-8 (1975).  The presentment of a notice of claim to a county commission is a prerequisite for all claims against counties, including tort, contract and equitable claims.  *Hyche Landfill, Inc. v. Winston County*, 878 So. 2d 258, 262 (Ala. 2003).  A notice of claim must not only be presented to the county commission but must also be properly itemized, stating the amount of damage that must be done and why the county is or will be properly indebted to the claimant.  *See* ALA. CODE §11-12-5 (1975).  Failure to comply with §11-12-8 or §6-5-20 is an "absolute bar to claims against a County."  *Alabama Disposal Solutions-Landfill, L.L.C. v. Town of Lowndesboro*, 837 So. 2d 292, 300 (Ala. Civ. App. 2003) (citing *City of Birmingham v. Davis*, 613 So. 2d 1222 (Ala. 1992)).

In its motion to dismiss, Walker County argues that the Barrons did not comply with §6-5-20.  It argues that Tommy Barron's April 6, 2004 grievance filed with the Walker County Civil Service Board does not comply with §11-12-8 because it does not (1) allege a claim on behalf of Mrs. Barron; (2) was never presented to the Walker County Commission, and (3) does not contain all elements required to state a claim against the county.   Walker County argues that any procedural defects in the notice of claim cannot be cured because more than a year has passed since the incident involving Deputy Ingle.

According to the defendant, the plaintiffs' attempt to convert a letter reporting Deputy Ingle's alleged malfeasance to the Walker County Civil Service Board evidences a fundamental misunderstanding of county governance because The Walker County Commission and the Walker County Civil Service Board are separate and distinct legal entities.  The County argues that The Walker County Civil Service Board was created by the Alabama Legislature, has a membership consisting entirely of persons selected by the Governor, and is not under the authority or control of

the Walker County Commission.

In opposition to the motion to dismiss, the Barrons argue that Tommy's April 6, 2004 grievance complied with Alabama Act 89-172, which they contend was adopted by the Walker County Commission, and therefore, was sufficient to satisfy the requirements of §11-12-8 (1975).

At issue in this case is the proper interpretation of the term "presentment," as used in § 6-5-20 and the term "itemization," as used in § 11-12-5. As a preliminary matter, the court notes that Alabama Act 89-172 authorizes the creation of the Walker County Civil Service Board and provides a procedure for Walker County citizens to file grievances against any county employee, officer, or official with the Civil Service Board. Nothing in that statute applies or purports to apply or alter the requirement of presentment to the Walker County Commission, outlined in § 6-5-20. Consequently, the court rejects the Barrons' attempt to rely upon compliance with a statute designed to describe the appropriate method of presenting citizen complaints to the *Civil Service Board* as a substitute for the statutory notice requirement contained in § 6-5-20.

Lastly, because the court concludes that the plaintiffs did not present their notice of claim to the Walker County Commission, it does not address the related issue of whether Tommy Barron's April 6, 2004 grievance letter was properly itemized pursuant to §11-12-5 or the alternative grounds for dismissal alleged in Walker County's motion to dismiss.

The notice of claim provision contained in § 6-5-20 was enacted to provide county governing bodies with notice of claims against the county and an opportunity to audit and investigate the claims. *Elmore County Commission v. Ragona*, 540 So. 2d 720, 723 (Ala. 1989) (citing *Marshall County v. Uptain,* 409 So.2d 423 (Ala.1981)). In construing the presentment requirement in a case remarkably similar to this one, the Alabama Court of Civil Appeals rejected

4

the plaintiffs' argument that they satisfied the presentment requirement of § 6-5-20 by filing a grievance with the Jefferson County Personnel Board. *Ford v. Jefferson County,* 774 So. 2d 600, 606 (Ala. Civ. App. 2000). The *Ford* court reasoned that the personnel board would not have had the competency to properly evaluate the damage claims against the County or the constitutional challenges raised by the plaintiffs to the defendants' alleged actions. *Id*.

In this case, the plaintiffs do not dispute that a copy of the grievance letter was never sent to the Walker County Commission. Furthermore, the grievance letter only addresses alleged improprieties by the Walker County Sheriff's Department and did not mention any claims against Walker County or specifically request any amount of monetary damages. Based on the holding in *Ford* and the plaintiffs' failure to provide the court with any controlling case law or statutory authority supporting their argument, Walker County's motion to dismiss is due to be GRANTED in its entirety.

**B. Claims against The Walker County Civil Service Board**

In its motion to dismiss, The Walker County Civil Service Board contends that, as a matter of state law, it cannot be civilly liable for any alleged inadequate or negligent supervision of Deputy Sheriff Derane Ingle because it has neither the authority nor the power to hire or supervise deputy sheriffs. The Board also argues that, even assuming the truth of the allegations, the plaintiff cannot state a cognizable claim for outrage under Alabama law because the allegations of the plaintiffs' complaint does not conform to the definition of the tort and the categories specifically allowed by the Alabama Supreme Court.

The Civil Service Board is essentially a creature of the Alabama legislature, and thus, only has those powers conferred upon it by the legislature. *See City of Dothan Personnel Bd. v.*

5

*DeVane,* 860 So.2d 881, 887 (Ala. Civ. App. 2002) (holding that board actions are administrative in nature with regard to its regulation of employees in the classified service system).

The Board categorizes its powers as essentially administrative and appellate in nature. As it relates to its administrative duties, the Board argues that it is merely responsible for advertising each classified position in the county, selecting applicants from potential employees, testing for each classified position, and then establishing an eligible register for each classified position. *See* Ala. Acts 200, §11.

When a position becomes vacant, the appointing authority, in this case the Sheriff's Department, notifies the Board which sends the top names from the eligible register to the Sheriff, who then has the ultimate authority to hire. Based on this structure, the Board argues that it has no authority over whom is hired by the Walker County Sheriff's Department and no power to supervise any employee who is ultimately hired by the sheriff's department.

As it relates to grievances made against county employees by citizens or grievances about adverse employment actions made against employers, the Board sits in a quasi-judicial capacity, entitling it to judicial immunity in connection with any civil liability related to its resolution of any grievances. *See* Ala. Acts 200 §14(a); *Stallworth v. City of Evergreen,* 680 So. 2d 229 (Ala.1996) (holding that the personnel review board for the City of Evergreen serves as a quasi-judicial body when it considers appeals by employees in the classified-service system). Consequently, the Board argues that it is immune from any civil liability based on its investigation and any administrative proceedings related to the plaintiffs' allegations of misconduct in connection with Tommy Barron's arrest.

Although given the opportunity to respond to these arguments, the plaintiffs' opposition to

6

the motion to dismiss does not specifically address the Board's arguments. Because of the plaintiffs' failure to provide the court with any controlling case law or statutory authority supporting their position, the court concludes that motion to dismiss filed by the Walker County Civil Service Board is due to be GRANTED.

Specifically, without any statutory or case law authority or any argument refuting the Board's claim that it did not have authority to hire or supervise deputy Ingle and that it is immune from suit, the court cannot conclude that the plaintiffs can prove any set of facts that would entitle them to relief on their inadequate supervision, negligent hiring, and outrage claims.

### III. CONCLUSION

Based on the foregoing analysis, the court concludes that the motions to dismiss filed by defendants Walker County, Alabama (doc. # 15) and The Walker County Civil Service Board (doc. # 18) are due to be GRANTED in their entirety. The court will enter a separate order consistent with this Memorandum Opinion.

DONE and ORDERED this 7th day of July, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

.

8