FILED
2006 Aug-21 PM 05:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT H

**Findings of the Civil Service Board of Walker County, Alabama From Hearing of March 7, 2005**

WALKER COUNTY COURTHOUSE             )

WALKER COUNTY CIVIL SERVICE BOARD    )

### FINDINGS OF THE CIVIL SERVICE BOARD
### OF WALKER COUNTY, ALABAMA
### FROM HEARING OF March 7, 2005

This matter was brought before the Walker County Civil Service Board of Walker County, Alabama by Letter of Complaint of a citizen of Walker County, Alabama, namely Taz Day Burch (Tommy Barron).

According to the Walker County Civil Service Board Rules and Regulations, this matter was referred to the hiring authority, Sheriff John Mark Tirey, on April 21, 2004 for investigation. There was no report of investigation made to the Civil Service Board. The Civil Service Board scheduled this complaint for hearing. The Letter of Complaint is attached hereto.

Hearings were conducted by the Civil Service Board with Mr. Taz Burch always being present, along with his attorney, Anthony Piazza. The hiring authority, Sheriff John Mark Tirey, was always present, along with his attorney, Mr. Gary Willford. There were three Walker County Civil Service Board members who were present at every session and those same three Board members deliberated and rendered a decision in this matter. The Civil Service Board members are, Andrew Archie, David Kelly and Doyle Cummings.

The hearings were conducted on July 12, 2004, October 26, 2004, December 6, 2004 and March 7, 2005. These hearings span eight months because of scheduling difficulty and working around Mr. Burch's attorney, Mr. Anthony Piazza, who is in the United States

- 2 -

Military and was involved in deployment of troops concerning the war in Iraq. During this same span of time, a Civil Service Board member's term expired and he was without authority to serve until he was re-appointed by the Governor.

As a result of the hearings, the Board made the following findings:

That Derane Ingle was a deputy sheriff of Walker County, Alabama on February 16, 2004, which was the date of the incident in question. Mr. Ingle had previously served as a police officer with Carbon Hill Police Department and had actually known Mr. Burch ten or twelve years and had arrested Mr. Burch on previous occasions. On February 6, 2004 at 1:50 a.m., Officer Ingle was dispatched to the Burch residence in response to a 911 call placed by Mr. Burch, the complainant in this matter. The call of a domestic violence nature. When Officer Ingle arrived, the person placing the call, i.e. Mr. Burch was in the back of the house, out of view and Mr. Ingle was advised by the wife that he was not needed, that everything was okay. Officer Ingle had been trained to speak to the person placing the 911 call and insisted on speaking with Mr. Burch. He encountered a combative and apparently intoxicated Mr. Burch. Officer Ingle placed Mr. Burch under arrest and had difficulty placing handcuffs on Mr. Burch and because of resistance from Mr. Burch had difficulty placing him in the patrol car. Officer Ingle transported Mr. Burch to the Walker County Jail for detention and he was placed in a drunk tank and held until making bond the next day. There were complaints by Mr. Burch of injury to

- 3 -

his hand. Mr. Burch had a cast and/or bandage on his hand at the time of the arrest and at the time he was delivered to the Walker County Jail. Apparently, he had suffered some injury the day before to his hand and had gone to Winfield for medical treatment and the cast/bandage was placed on his right hand at that time. There was also evidence of an earlier injury suffered by Mr. Burch when he had slammed his arm through a plate glass window and had suffered serious cuts and lacerations to the arm leaving it somewhat disabled. Mr. Burch's medical records and testimony showed Mr. Burch had a history of mental illness, had suffered from a bipolar condition and had been diagnosed as schizophrenia. On the night of the incidence, Mr. Burch had taken Darvocet 500 and drank several beers. After arrival at the Walker County Jail, Mr. Burch continued to be combative, appeared intoxicated and was placed in a drunk tank.

Based upon the evidence presented to the Board and the findings of the Board, the Board is of the opinion that Officer Derane Ingle acted properly under the circumstances and did not violate the rights of Mr. Burch and did not use excessive force in perfecting the arrest of Mr. Burch.

Thusly, the Civil Service Board finds no fault on the part of the hiring authority, Sheriff John Mark Tirey, in his review and handling of this matter.

IT IS THEREFORE THE ORDER OF THE WALKER COUNTY CIVIL SERVICE BOARD THAT Officer Derane Ingle did not violate the rights of Mr. Taz Burch, nor did he use excessive force.

- 4 -

IT IS THE FURTHER ORDER THAT the hiring authority, Sheriff John Mark Tirey, acted properly in conducting a review of this matter.

DONE this the 12th day of April, 2005.

CIVIL SERVICE BOARD OF
WALKER COUNTY, ALABAMA

BY: *(signature)*
Andrew Archie, Chairman