## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TOMMY D. BARRON, et al.,** | ] |
| **Plaintiffs,** | ] |
| v. | ] CV-06-BE-0331 |
| **WALKER COUNTY ALABAMA, et al.,** | ] |
| **Defendants.** | ] |

### ORDER

This case is before the court on Defendant Deputy Sheriff Derane Ingle's Motion for Summary Judgment (Doc. 35), which only addresses the issue of whether a county agency's administrative findings have preclusive effect on Plaintiffs' claims. For the reasons discussed below, the court DENIES Defendant's motion for summary judgment at this stage in the proceedings.

Plaintiffs Tommy Barron[1] and Patsy Barron have alleged that, in the course of Defendant Ingle's February 16, 2004 arrest of Mr. Burch for disorderly conduct and resisting arrest, he subjected them to verbal harassment and physical abuse, constituting excessive use of force in violation of the Eighth Amendment. This court held a hearing on various Defendants' motions to dismiss on July 7, 2006, and denied Defendant Ingle's motion to dismiss Plaintiffs' claims on the basis of qualified immunity. The court then set a deadline for any motion for summary judgment specifically dealing with whether the findings of the Walker County Civil Service Board ("the

---

[1] Tommy Barron is now known as "Taz Day Burch." For purposes of this memorandum opinion, he will be referred to as "Mr. Burch."

Board") – which conducted a hearing regarding the same allegations contained in Plaintiffs' complaint here – would have preclusive effect on the claims alleged here.

As Defendant concedes[2], the Eleventh Circuit Court of Appeals has expressly held that "unreviewed state agency decisions will not receive claim preclusive effect in a section 1983 action regardless of whether the state from which the judgment arose would bar the section 1983 claim." *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1070 (11th Cir. 1987). Accordingly, the Board's conclusion that "Officer Derane Ingle acted properly under the circumstances and did not violate the rights of Mr. Burch and did not use excessive force in perfecting the arrest of Mr. Burch" may not operate to foreclose Plaintiffs' § 1983 claims for excessive use of force in violation of the Eighth Amendment.

The Eleventh Circuit Court of Appeals also noted, however, that "[w]here the agency acted in a judicial capacity and resolved disputed issues of fact properly before it which the parties had an adequate opportunity to litigate, a federal court in a section 1983 action may, of course, *consider* whether the state would give preclusive effect to the state agency *factfindings* . . . ." *Gjellum,* 829 F.2d at 1070 (emphasis added). This court, therefore, should examine Alabama law to determine whether issue preclusion should be applied, allowing this court to adopt the Board's findings.

Alabama courts have articulated the following requirements for allowing issue preclusion: (1) "identity of the parties or their privies"; (2) "identity of issues"; (3) "the parties had an adequate opportunity to litigate the issues in the administrative proceeding"; (4) "the issues . . . were actually litigated and determined in the administrative proceeding"; and (5) "the

---

[2] Defendant has only conceded that *Gjellum* prevents this court from applying claim preclusion to the Board's findings for the purposes of this brief. He has reserved the right to argue on appeal that *Gjellum* was wrongly decided.

findings on the issues . . . were necessary to the administrative decision." *Ex part Shelby Medical Center, Inc.*, 564 So. 2d 63, 68 (Ala. 1990). Plaintiffs do not appear to contest that any of the above requirements are satisfied, but instead argue that Alabama courts do not apply issue preclusion to unreviewed administrative findings involving constitutional rights.

Plaintiffs rely on *Ex Parte Smith*, 683 So. 2d 431 (Ala. 1996) in support of their argument that none of the Board's findings should be given preclusive effect in this court. The court in *Ex Parte Smith* determined that an administrative board comprising three lay persons "could not adequately determine the constitutional issues presented to it . . . ." *Id.* at 435. The issue in that case was whether the plaintiff had been unconstitutionally terminated for exercising his First Amendment rights. The court first articulated the standard under constitutional law for a plaintiff to prevail, and then concluded that "proper application of this test requires a legal education." *Id.*

Here, the determination of whether Plaintiffs can sustain a claim under 42 U.S.C. § 1983 for excessive use of force necessarily involves even more difficult questions of constitutional law, including the complex inquiry of whether Defendant is entitled to qualified immunity. The Board's findings stated only the simple conclusion that the officer "acted properly under the circumstances and did not violate the rights of Mr. Burch and did not use excessive force in perfecting the arrest." As in *Ex Parte Smith*, "there has been no showing that the panel did apply the required test" for establishing a claim for excessive use of force under § 1983 or for establishing the Defendant's entitlement to qualified immunity. *Id.* This court, therefore, cannot apply the doctrine of issue preclusion as to any of the legal constitutional questions the Board may have considered.

This court, however, does not read *Ex Parte Smith* as disallowing issue preclusion regarding the Board's findings of pure fact. The court, therefore, may consider the Board's

factual findings in determining whether summary judgment is appropriate at this stage. Having reviewed the Board's findings, however, the court finds them unhelpful in determining whether Defendant is entitled to summary judgment on the basis of qualified immunity as to Plaintiff's § 1983 claims for excessive use of force.

To receive qualified immunity, a government official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Once a defendant shows that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. *Id*. The Supreme Court articulated a two-part test to determine whether qualified immunity is appropriate. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The court first asks "'this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? . . . [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (quoting *Saucier*, 533 U.S. at 201).

In this case, the Plaintiffs do not dispute that the Defendant was acting within the scope of his discretionary authority. The question, therefore, is whether they can establish that Defendant committed a violation of a clearly established constitutional right. With respect to claims for excessive use of force in violation of the Eighth Amendment, the law in the Eleventh Circuit provides:

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." . . . In this Circuit, a defense of qualified immunity is not available in cases alleging excessive force in violation of the

> Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a violation of the Constitution by the Supreme Court decisions in *Hudson* and *Whitley*. . . .

*Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) (internal citations omitted). In addition, the Eleventh Circuit Court of Appeals has articulated five factors relevant to ascertaining whether force was used "maliciously and sadistically for the very purpose of causing harm." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999). Those factors are:

> (1) "the extent of injury"; (2) "the need for application of force"; (3) "the relationship between that need and the amount of force used"; (4) "any efforts made to temper the severity of a forceful response"; and (5) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them."

*Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986) and *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

The Board failed to include in its findings any meaningful discussion of the factors articulated in *Campbell*. With respect to the first factor, the extent of the injury, the Board's findings refer only to an injury Mr. Burch sustained before the arrest took place. The Board did *not* state whether Mr. Burch did or did not incur any injuries as a result of the arrest. This court cannot make a determination either way regarding Mr. Burch's injuries based on the Board's findings. With respect to the second and third factors, regarding the need for force and the amount of force used, the Board's findings provide a similarly sparse record. The Board noted that Mr. Burch was "combative and apparently intoxicated" and that Officer Ingle "had difficulty placing handcuffs on Mr. Burch and because of resistance from Mr. Burch had difficulty placing him in the patrol car." The Board reached no conclusions as to whether any force was used at all, let alone whether such force was reasonable given the level of Mr. Burch's combativeness. The

Board also did not state that Officer Ingle employed *no* force.  Finally, with respect to the fourth and fifth factors, the Board's findings do not include any consideration of whether Officer Ingle attempted to temper the use of force, or whether Officer Ingle perceived any threat in Mr. Burch's combative behavior.  This court simply cannot rely on the findings of the Board to determine whether summary judgment is appropriate at this stage.

This court recognizes that, in a qualified immunity analysis, where the parties do not dispute that an officer was acting within the scope of his discretionary authority, the Plaintiffs have the burden of demonstrating that qualified immunity is not appropriate.  This court has already ruled that Plaintiffs have satisfied their initial burden at the motion to dismiss stage (Doc. 34).  Although this motion has been filed as a motion for summary judgment, the parties have not conducted any discovery on these issues.  The court's ruling at this stage is based only on the Board's factual findings and not on any evidence produced or obtained during discovery.  Therefore, this ruling shall not preclude Defendant Ingle from asserting a qualified immunity defense in a motion for summary judgment once the parties have had an opportunity to conduct discovery.

In conclusion, Defendant's motion for summary judgment based on the factual findings of the Walker County Civil Service Board is hereby DENIED.  The parties are hereby ordered to attend a status conference in the chambers of the undersigned on April 13, 2007, at 11:00 a.m., for the purpose of outlining a schedule for discovery and additional dispositive motions.  DONE and ORDERED this 20th day of March, 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE