# FILED

2008 Jul-28  PM 10:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

Plaintiff Patsy Barron's Answers and Responses to Defendant Ingle's Interrogatories and Requests for Production of Documents, dated June 26, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMY D. BARRON, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-cv-0331-KOB |
| | ) | |
| WALKER COUNTY, ALABAMA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF PATSY BARRON'S ANSWERS AND RESPONSES TO DEFENDANT INGLE'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

Comes now Responding Party Patsy Barron and hereby answers the interrogatories submitted by Defendant Derane Ingle. In providing such answers, Responding Party Patsy Barron hereby specifically objects to all questions that either directly or indirectly call for the disclosure or production of privileged material and material subject to work product protection. None of the answers or information contained herein or provided to the Defendant Derane Ingle shall be deemed to be a waiver to such objection.

The Responding Party objects to all of the general instructions and directions that precede the interrogatories on the grounds that they do not pose questions nor do they request any discoverable information permitted by Rule 26 of the Federal Rules of Civil Procedure; by reason of the foregoing, the directions misstate the obligations of the Responding Party as dictated by the applicable court rules.

In addition to the preceding objections, the preliminary instructions require the Responding Party to supply attorney work product to the Requesting Party.

The Responding Party has yet to complete its investigation of the events, facts and circumstances pertaining to this action; therefore, the responses contained herein are predicated only upon information that is known by the Responding Party at this time. These answers are provided without prejudice to the Responding Party's right to produce subsequently discovered evidence, and the Responding Party specifically reserves the right to change and amend the answers contained herein:

1.      Identify yourself, (please include your name, address, date of birth, driver's license number, and social security number).

RESPONSE: Patsy Barron, June 19, 1959, 5603825, 408111854.

2.   Identify each and every person from whom you, your attorney, investigator or other person acting under your direction or control or on your behalf have received or taken a statement regarding this case, whether written, oral, audio taped, videotaped, stored on computer or put in affidavit form. For each statement provide the following information:

   (a)   Identify the person who received or took each statement;

   (b)   State the date and place each statement was taken or received; and

   (c)   State the manner or form of the statement.

RESPONSE:      Other than the transcript of the Walker County Civil Service Board Proceedings, Arrest Reports, and Court Records which are in the possession of this Defendant, the Responding Party knows of no other statements at this time.

3.   Identify each and every person known to you, and/or your attorney who has knowledge of any fact upon which your complaint is based, has relevant information regarding any allegation made in your complaint, or with whom you have inquired to assist in answering any part of these interrogatories, including any who stated they have no information to answer any part of said interrogatory and describe the substance of their knowledge.

RESPONSE:      No one other than my attorney provided assistance in answering these interrogatories.

4.   List and describe each medical condition for which you have sought or received treatment from February 1999, until present.

RESPONSE:      Diabetes, obesity, pain syndrome, and depression.

5.   Identify by name, prescription, and dosage any medications you were taking or were prescribed on February 16, 2004.

RESPONSE:      Metformin, 500 mg twice per day
Niospan, 500 mg once per day
Naproxen, 500 mg twice per day
Hydrochlorothiazide, 25 mg once per day
Hydrocodone, 7.5 mg twice per day

6.   Describe in your own words with specificity and exact detail your knowledge of what happened during the night of February 16, 2004. Do not include any information of which you have no personal knowledge.

RESPONSE:      The Responding Party objects to the interrogatory on the grounds that it is burdensome and oppressive for the reason that the Responding Party has previously given a statement in the form of testimony during the Walker County Civil Service Board in which this

Defendant conducted extensive cross-examination, and for the reason that this Defendant is in the possession of the transcripts from said hearing. Alternatively, the Responding Party adopts the testimony previously given at said hearing as her response to this interrogatory.

7. Have you ever received treatment for alcohol or drug abuse and/or dependency? If so, for each such treatment state:

    a. The date(s) of the treatment.
    b. The identity of the treatment provider.
    c. The identity of the facility where the treatment was received.
    d. Whether the treatment was inpatient or outpatient.
    e. The type(s) of treatment received.

RESPONSE:    No

8. If you had ever been arrested prior to February 16, 2004, for each such arrest state the following:

    a. The date of the arrest.
    b. The place of the arrest.
    c. The identity of the arresting agency.
    d. The name of the arresting officer(s).
    e. The offenses charged.
    f. If the matter was tried, the identity of the court in which the matter was tried.
    g. The disposition of the charges (e.g., convicted, dismissed, acquitted).

    h. The sentence imposed, if any.

RESPONSE:    No

10. Please state with specificity and exact detail each and every fact known to you that supports the allegation in paragraph 28 of your Complaint that Deputy Ingle used "excessive and unnecessary force" on you "in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. 1983."

RESPONSE:    Derane Ingle came into my residence by force, physically assaulted my husband and myself when he attacked my husband with pepper spray and arrested my husband on false charges.

11. List with specificity and exact detail all income that you have lost and/or will lose as a result of Deputy Ingle's conduct as alleged in paragraphs 11 and 15-16 of your complaint.

RESPONSE:    I do not have a judgment at this time.

12.    Describe with specificity and exact detail the humiliation, embarrassment, damage to reputation and mental anguish you suffered as a result of Deputy Ingle's conduct as alleged in paragraph 21 of your Complaint.

RESPONSE:    It is difficult to describe in detail what I have personally gone through in connection with this incident. I have suffered great mental anguish and distress, frustration, anxiety, depression and hardship beyond my capacity to describe. My mental and medical conditions have been aggravated and I have to take more medication now. I have gained 100 pounds due to nervousness and stress and other factors related to this incident.

13.    Identify any and all health care providers (both physical and mental) from whom you have sought treatment from February I 999, until present.

RESPONSE:    Jasper Family Clinic; Center for Neurological Care; After Hours Clinic

14.    Identify and describe any mental or physical conditions that you allege resulted from, or were exacerbated by, the conduct of Deputy Ingle as alleged in your Complaint.

RESPONSE:    See response to number 12 above.

15.    Describe any and all medical and/or psychological treatment you sought and/or received as a result of the conduct of Deputy Ingle as alleged in your Complaint.

RESPONSE:    I have sought treatment from the healthcare providers mentioned in number 13 above.

16.    List the names and addresses of all medical and mental health providers you have seen from February 1999, to present, including but not limited to any doctors, pharmacists, physical therapists, psychiatrists, psychologists, nurses, or nurse practitioners.

RESPONSE:    See number 13 above.

17.    List and provide copies of any medical expenses you incurred for treatment of any injuries sustained as a result of conduct you attribute to Deputy Ingle.

RESPONSE:    I am in the process of retrieving these and will provide this information by supplementary answers.

Patsy Barron

Sworn to and subscribed before me, this the ___ day of _____ 200_

_____
Notary Public

My Commission Expires: _May 3, 2012_

_____
Anthony Piazza, P.C.
ASB-6593-A47A
Attorney for the Plaintiff
P. O. Box 550217
Birmingham, AL 35255
(205) 933-1155 Phone
(205) 323-2720 Fax
(205) 617-6211 Cell

## CERTIFICATION OF SERVICE

This is to certify that I have this day, the ___ day of June 2008, I served a copy of the above document upon counsel of record by placing the same in the United States mail, properly addressed and postage prepaid, as follows:

Joseph L. Hubbard, Jr. Esquire
Gary L. Willford, Jr., Esquire
Daryl L. Masters, Esquire
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
P. O. Box 240909
Montgomery, AL 36116

_____
Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

TOMMY D. BARRON, et al.,     )
                                  )

     Plaintiffs           )
                                  )

v.                                ) Civil Action No. 2:06-cv-0331-KOB
                                  )

WALKER COUNTY, ALABAMA,     )
et al.,                            )
                                  )

     Defendants.        )

## RESPONSE TO REQUEST FOR FOR PRODUCTION OF DOCUMENTS

The Responding Party, Patsy Barron, by and through its attorneys, hereby responds to the Requests for Production of Documents submitted by the Requesting Party by providing the documents attached hereto without waiver of right to supplement.

PLEASE TAKE NOTICE that the inadvertent production or disclosure of any material that may be privileged or subject to work product protection shall not constitute a waiver of any applicable privilege. Nor shall such production or disclosure be deemed a waiver of the right to interpose any applicable objections at any time, including but not limited to objections such as competency, relevancy or materiality.

1. Please produce copies of any and all Federal or State income tax returns, whether filed individually or jointly, by you for the past five years.

RESPONSE: None

2. Please produce copies of any and all bills which you allege you incurred as a result of the conduct of Deputy Ingle as described in your Complaint.

RESPONSE: Responding Party is in process of gathering or subpoenaing the requested documents and will provide copies of same to this Defendant upon receipt.

3. Please produce any and all photographs, audiotapes, videotapes or recordings of any kind made in connection with this lawsuit, either by you and/or Taz Burch or on behalf of you and/or Taz Burch, including all photographs used, whether admitted into evidence or not, at the criminal trial(s) of you resulting from the charges made subsequent to the incidents made the basis of your Complaint.

RESPONSE:  Provided

4.    Please produce a copy of any and all reports, investigation, tests or other documents, by whatever name called, which deal with the incident made the basis of this suit.

RESPONSE:  Provided

5.    Please produce copies of any and all statements given by or to you and/or Taz Burch by or to anyone, including this Defendant, the Defendant's attorneys, the police, the sheriff's department, and/or any insurance adjuster.

RESPONSE:  Request Number 5 is objectionable because it requires the production of documents that are not within the Responding Party's possession nor under her control and are just as easily obtainable by the Requesting Party, from third party sources, as they are from the Responding Party. The request constitutes an improper attempt by the Requesting Party to shift to the Responding Party the labor, cost and responsibility for obtaining the requested documents and because the request is vague, overbroad, oppressive, and unduly burdensome for the reason that it has failed to describe with reasonable particularity the documents that it seeks as required by the applicable court rules, thereby increasing the likelihood that both privileged and unprivileged may fall within the uncertain scope of the request; and for the reason that may cause Responding Party to incur substantial and unnecessary expenses as it conducts searches for documents; and for the reason that the documents may have already been produced or obtained by the Requesting Party and are, therefore, duplicates. However, to the extent these items are in the possession of the Responding Party, they have been provided to the Requesting Party.

6.    Please produce the documents and things relating or pertaining to all communications you, Taz Burch, or anyone acting on your or Taz Burch's behalf has ever had with this Defendant, including any agent, servant, employer, employee, or other representative of this Defendant.

RESPONSE:  Request Number 6 is objectionable because it requires the production of documents that are not within the Responding Party's possession nor under her control and are just as easily obtainable by the Requesting Party, from third party sources, as they are from the Responding Party. The request constitutes an improper attempt by the Requesting Party to shift to the Responding Party the labor, cost and responsibility for obtaining the requested documents and because the request is vague, overbroad, oppressive, and unduly burdensome for the reason that it has failed to describe with reasonable particularity the documents that it seeks as required by the applicable court rules, thereby increasing the likelihood that both privileged and unprivileged may fall within the uncertain scope of the request; and for the reason that may cause Responding Party to incur substantial and unnecessary expenses as it conducts searches for documents; and for the reason that the documents may have already been produced or obtained by the Requesting Party and are, therefore, duplicates. However, to the extent

these items are in the possession of the Responding Party, they have been provided to the Requesting Party.

7.    Please produce a copy of any and all claims filed by you, Taz Burch, on your behalf, or on behalf of P Taz Burch regarding the averments and allegations of the Complaint.

RESPONSE:  Produced and previously made available to the Requesting Party

8.    Please produce the documents and things upon which you may rely, or intend to rely, to prove or support your claims for damages in this case.

RESPONSE:  Undetermined as of this date but will provide prior to trial.

9.    Please produce copies of any and all settlement agreements, civil or criminal, wherein you have arrived at a settlement or agreement between you and/or Taz Burch (whether individually or collectively) and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made basis of this lawsuit or any damages resulting therefrom.

RESPONSE:  None

10.    Please produce all bills, invoices, receipts, and similar documents representing any and all expenses incurred by or on behalf of you which you allege were incurred as a result of the personal injuries you received as a result of the incident made the basis of this suit, including but not limited to doctor, hospital and pharmacy bills.

RESPONSE:  Responding Party is in process of gathering or subpoenaing the requested documents and will provide copies of same to this Defendant upon receipt

11.    Please produce copies of all doctor reports, hospital reports and records with reference to any injury, condition or treatment of injuries which you and/or Taz Burch claim or did claim to have received from the occurence made the basis of this suit.

RESPONSE:  RESPONSE:  Responding Party is in process of gathering or subpoenaing the requested documents and will provide copies of same to this Defendant upon receipt

12.    Please produce copies of all records or documents from any medical or mental health providers you have seen from February 1999, to present, including but not limited to any doctors, pharmacists, physical therapists, psychiatrists, psychologists, nurses, or nurse practitioners.

RESPONSE:  RESPONSE:  Responding Party is in process of gathering or subpoenaing the requested documents and will provide copies of same to this Defendant upon receipt

13.    Please provide copies of any prescriptions for medication provided to you from

February 15, 1999, to present.

RESPONSE: Responding Party is in process of gathering or subpoenaing the requested documents and will provide copies of same to this Defendant upon receipt

14. Please provide copies of any medical expenses you incurred for treatment of any injuries you claim or did claim to have sustained during your arrest on February 16, 2004.

RESPONSE: Responding Party was not arresting on February 16, 2004 but is in process of gathering or subpoenaing the requested documents in connection with injuries she sustained on February 16, 2004 and will provide copies of same to this Defendant upon receipt

15. Please produce any and all statements of this Defendant and/or the Defendant's agents, servants, employees or attorneys, in possession, or constructive possession, of you, or anyone acting on your behalf in any capacity.

RESPONSE: Provided

Anthony Piazza, P.C.
ASB-6593-A47A
Attorney for the Plaintiff
P. O. Box 550217
Birmingham, AL 35255
(205) 933-1155 Phone
(205) 323-2720 Fax
(205) 617-6211 Cell

## CERTIFICATION OF SERVICE

This is to certify that I have this day, the 26 day of June 2008, I served a copy of the above document upon counsel of record by placing the same in the United States mail, properly addressed and postage prepaid, as follows:

Joseph L. Hubbard, Jr. Esquire
Gary L. Willford, Jr., Esquire
Daryl L. Masters, Esquire
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
P. O. Box 240909
Montgomery, AL 36116

Of Counsel